(March 29, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. WILSON, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered December 1, 1982, upon a verdict convicting defendant of the crime of manslaughter in the first degree. ¶ Defendant, his two brothers and a nephew were participants in a barroom brawl and street scuffle involving one Kenneth Brown. Minutes later, while allegedly headed for another bar, defendant and his party, which included two women, caught sight of Brown on a nearby street. The nephew jumped out of the car which defendant was driving and pursued and caught Brown, at which point they engaged in a fistfight. As the nephew's father pulled the nephew from atop Brown, defendant hit Brown several times with a portion of a wooden construction barricade, causing the latter's death. Defendant was convicted by a jury of manslaughter in the first degree and this appeal ensued. His brothers and the nephew were permitted to plead guilty to less heinous crimes. ¶ At the outset, it is worth noting that the evidence against defendant was overwhelming and that where the testimony of the witnesses for the prosecution and the defense diverged, the jury, obviously and not inappropriately, resolved the credibility issues in the People's favor. ¶ None of the many assertions underlying defendant's appeal warrants a reversal. While there may have been instances in the course of the trial when defense counsel was not as skillful in representing defendant's interests as he had otherwise been, even a cursory reading of this voluminous record can lead to but one conclusion: any claim that defendant was denied effective assistance of counsel is simply specious. The contention that the prosecutor was allowed to improperly impeach defendant for his 1973 attempted robbery conviction is not at all persuasive. Although the trial court in its *Sandoval* ruling determined that the prosecution could only inquire so far as to elicit that the conviction indeed exists, defendant opened the door to further inquiry by attempting to vindicate himself by explaining that no one was hurt during the incident. The prosecution should not have been permitted to inquire into defendant's 1980 suicide attempt, for doing so violated the court's *Sandoval* ruling, but since no objection to this line of testimony was interposed, that issue has not been

preserved for appeal (CPL 470.05, subd 2). More importantly, given the compelling evidence of defendant's guilt, the prosecution's conduct in this regard was not so prejudicial as to necessitate reversal and a new trial, in the interest of justice, would be incongruous (CPL 470.15, subd 3, par [c]). ¶ Additionally, we find no error in the trial court's admitting into evidence both defendant's confession and the board allegedly used to strike Brown. In the confession, which the court quite correctly refused to suppress, defendant admits striking the victim with a board. He testified at trial that this statement was made in an effort to protect his nephew from prosecution and that in fact he never struck Brown. The statement was taken between 7:30 and 9:30 A.M. on the morning of the homicide. Though defendant had not slept and is diabetic, the hospital record made shortly after the confession was executed furnishes no indication that these factors somehow adversely affected his ability to knowingly and willingly waive his Fifth and Sixth Amendment rights. Nor does the trial record substantiate the proposal that defendant's claimed intoxication and prior emotional illness negated the voluntariness of his confession. ¶ The board allegedly used to commit the homicide consisted of a large wooden board with a smaller one attached to it in such fashion that the smaller piece swung freely at the scene of the crime, but which at trial could not be moved back and forth without force because the nail was bent into or imbedded in it. A forensic scientist who did laboratory tests on the hair and blood found on the board testified that he may have bent the nail while handling the exhibit. The court concluded, and we agree, that any change in the board's ability to freely swing had been sufficiently explained. ¶ Nor do we find the sentence harsh and excessive. The 12½- to 25-year sentence imposed on a predicate felon convicted of manslaughter in the first degree is well within the limits imposed by statute. ¶ Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.