■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEE ADAMS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment based upon convictions for murder in the second degree and related offenses, defendant's principal argument is that he was denied a fair trial because the prosecutor knowingly allowed two chief witnesses to lie. There is no merit to this claim. The prosecutor informed the jury in his opening statement that there might be inconsistencies in the trial testimony because two key prosecution witnesses were convicted criminals who had motives to lie. Both witnesses agreed as to the most critical factor in the case, i.e., when last seen alive the murder victim was being guarded by the defendant who was armed, and the victim's body was found near the house in which he had been held hostage.

Defendant's claim of reversible error in the prosecutor's questioning of him concerning prior bad acts or in the prosecutor's summation is similarly without merit. Defendant did not object to much of the questioning and failed to preserve the issue for review (CPL 470.05, subd 2; *People v Wilson,* 100 AD2d 690).

With respect to the remaining questions, the prosecutor, pursuant to the court's *Sandoval* ruling, cross-examined the defendant about immoral, vicious or criminal acts which had a direct bearing on defendant's credibility (see *People v Webster,* 139 NY 73, 84; Richardson, Evidence [10th ed], §§ 498-500). The questions related to the underlying acts involved in each transaction and, as appears from the record, were asked in good faith and upon a reasonable basis in fact (see *People v Kass,* 25 NY2d 123). Thus, the questioning was proper and subject to the sound discretion of the trial court (see *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846; *People v Sorge,* 301 NY 198). Moreover, while the prosecutor's summation was disjointed and unfocused, taken in its entirety it does not require reversal (see *People v Galloway,* 54 NY2d 396; see, also, *Donnelly v DeChristoforo,* 416 US 637, 646-647).

Defendant also claims that the court's charge, in particular that portion relating to his alibi defense, was inadequate. While a more specific charge on alibi may have been preferable (see CJI 12.10), the trial court did not refer to the "truth" of defendant's alibi or otherwise mislead the jury to believe that the defendant had any burden of proof with respect to his alibi defense (cf. *People v Victor,* 62 NY2d 374). We have considered the other arguments raised by the defendant and preserved for review and find that none of them requires reversal. (Appeal from judgment of Monroe County Court, Celli, J. — murder, second degree, and other charges.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.