■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON BOMBERRY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for murder in the second degree (Penal Law § 125.25 [1]), defendant claims that the evidence at trial did not support the verdict, that the trial court abused its discretion in allowing the jury to visit the murder scene, and that the indictment was legally insufficient because the prosecutor failed to instruct the Grand Jury on the need for corroboration of accomplice testimony *(see,* CPL 60.22) and the effect of that testimony upon the defendant *(see,* CPL 60.45).

The evidence was sufficient to support the verdict. Defendant

confessed to the murder and a companion of the defendant on the night of the murder testified that defendant stabbed the victim in the chest. The only disputed issue at trial was whether defendant's intoxication negated his intent *(see,* Penal Law § 15.25). Reviewing the evidence in the light most favorable to the People *(see, People v Way,* 59 NY2d 361, 365), the jury reasonably could have concluded that defendant was guilty of murder because he instructed his companion to help him secrete the victim's body and to avoid putting his fingerprints on the murder weapon *(see, People v Barnes,* 50 NY2d 375, 381; *People v Leary,* 64 AD2d 825).

The defendant's argument that the errors of the prosecutor before the Grand Jury rendered the indictment legally insufficient are not reviewable upon this appeal because the judgment of conviction was based upon legally sufficient trial evidence *(see,* CPL 210.30 [6]). Defendant's argument that the indictment should be dismissed because the Grand Jury proceeding was defective is without merit *(see,* CPL 210.20 [1] [c]; 210.35 [5]). The prosecutor is not required to instruct the Grand Jury with respect to the legal significance or evaluation of accomplice testimony, but may do so in his discretion *(see,* CPL 190.30[7]). In any event, defendant was not prejudiced because even without the accomplice's statement, defendant's confession constituted sufficient evidence to indict him for murder and defendant was acquitted of the remaining robbery and felony murder charges in the indictment.

We have reviewed appellant's other arguments and find them without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—murder, second degree.) Present—Dillon, P. J., Boomer, Green, Pine and Schnepp, JJ.