■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY SHAPIRO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 6, 1983, convicting him of kidnapping in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's contentions, the record discloses that there was more than sufficient evidence to sustain the jury's verdict convicting defendant of two counts of kidnapping in the first degree. Defendant merely challenges the sufficiency of the evidence by attacking the credibility of the complaining witness, whose testimony he claims must be judged as incredible in light of her background. It is axiomatic, however, that "issues of credibility are primarily for the jury, which has the 'advantage of seeing and hearing the witnesses' " (*People v Martin*, 108 AD2d 928, quoting from *People v Kidd*, 76 AD2d 665, 666, *lv dismissed* 51 NY2d 882; *People v Gruttola*, 43 NY2d 116, 122; *People v Rosenfeld*, 93 AD2d 872). In view of the jury verdict we must view the evidence in a light most favorable to the People (see, *People v Di Girolamo*, 108 AD2d 755, *lv denied* 64 NY2d 1133). Moreover, we are "traditionally resistant to second-guessing [the jury's] determination on this issue" (*People v Di Girolamo*, supra; see, *People v Rodriguez*, 72 AD2d 571). We note, furthermore, that the background of the complaining witness was fully presented for the jury's consideration and it chose to credit her testimony (see, *People v Martin*, supra).

The trial court did not abuse its discretion when it declined to dismiss the indictment premised upon the People's failure to preserve the complainant's blood sample, upon which the People's laboratory test had been performed. The suppression

of the People's laboratory test results was a proper sanction in light of the circumstances at bar. The appropriate action in such a case, moreover, is committed to the sound discretion of the trial court and, as the Court of Appeals has recently noted, "as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" *(People v Kelly,* 62 NY2d 516, 521). Nor do we find that the trial court erred in rejecting the claim that the People's alleged discovery delays denied defendant a fair trial or amounted to prosecutorial misconduct.

Despite defendant's contentions, the record discloses that the trial court did, in fact, act upon his *Sandoval* application, ruling that on cross-examination the People would be permitted to inquire as to whether defendant had ever been convicted of a felony without eliciting the underlying facts or the type of crime involved.

Defendant's contention that "crucial" evidence was withheld from the Grand Jury, rendering the indictment defective, is without merit. The information which defendant claims was withheld from the Grand Jury was not substantively exculpatory, but rather was information pertaining to the background and character of the complaining witness, a matter collateral to the question of whether there was adduced legally sufficient evidence, which if unexplained and uncontradicted, would warrant conviction *(see, People v Cruz,* 104 AD2d 949). In any event, there being legally sufficient evidence at trial supporting the conviction, appellate review of the court's order denying dismissal of the indictment is now foreclosed (CPL 210.30 [6]; *see, People v Bomberry,* 112 AD2d 18).

The court committed no error when it denied defendant's speedy trial motion *(see, People v Jones,* 105 AD2d 179, 186-187, *affd* 66 NY2d 529; *People v Cole,* 90 AD2d 27), nor was the search warrant, based as it was upon the complainant's sworn statements *(cf. People v Cantre,* 95 AD2d 522, 523, *affd* 65 NY2d 790), defective for any of the reasons now advanced by defendant *(see, e.g., People v Frange,* 109 AD2d 802, 803).

We reject the contention that the trial court imposed an unduly excessive or harsh sentence. Although defendant contends, *inter alia,* that the two concurrent terms of 20 years to life imposed with respect to the kidnapping counts are excessive, we conclude that the punishment imposed, which is within the legal range, was an entirely appropriate exercise of discretion in light of the particularly egregious conduct of the

defendant in this case. We therefore decline to disturb the sentence imposed.

We have reviewed defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.