■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT LANG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 9, 1983, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was convicted of murder, attempted murder and assault deriving from his stabbing of two children, one of whom died. These attacks were witnessed by three children who knew the defendant as a resident of their apartment building. The three children, all under the age of 12, testified; one under oath and the other two offering unsworn testimony.

While there is no precise age at which a child is deemed competent to testify at trial, CPL 60.20 establishes a rebuttable presumption that an infant under 12 years old is not competent to testify under oath *(see, People v Nisoff,* 36 NY2d 560). However, CPL 60.20 (2) enables a Trial Judge to conduct a preliminary examination to determine if a child has the intellectual capacity to understand the nature of the oath and the obligation to testify truthfully. There is no basis in the record to find that the court, which had the opportunity to observe the child's manner, abused its discretion in finding that the 10 year old was competent to testify under oath *(see, Wheeler v United States,* 159 US 523; *People v Nisoff, supra).*

The defendant's contentions that the People failed to adduce legally sufficient trial evidence *(see,* CPL 70.10 [1]), and that his guilt was not proven beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620), are without merit. Since that is the case, appellate review of the defendant's further contention that the evidence adduced before the Grand Jury was

legally insufficient is now foreclosed (CPL 210.30 [6]; *see, People v Shapiro,* 117 AD2d 688; *People v Bomberry,* 112 AD2d 18). Furthermore, the defendant's contentions with respect to the trial court's instructions to the jury and the statements of the prosecutor during summation were, for the most part, unpreserved for review, and are, in any event, either without merit or do not warrant reversal as a matter of discretion in the interest of justice.

Finally, since the victim Sophia McQuay knew the defendant as a resident of her apartment building, the identification of the defendant in her hospital room shortly after the crime was more in the nature of a confirmation rather than an identification. Thus, the issue of suggestiveness is not relevant here *(see, People v Tas,* 51 NY2d 915; *People v Fleming,* 109 AD2d 848). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.