■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered May 3, 1985, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620, 621), we find that the trial testimony was legally sufficient for the jury to find the defendant guilty of assault in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The conflicting testimony of two witnesses merely created a credibility issue which was resolved by the jury *(see, People v Shapiro,* 117 AD2d 688, *lv denied* 67 NY2d 950).

The defendant's further contention that the photographic identification procedure used by the police was impermissibly suggestive is without merit. Since the complainant knew the defendant prior to the crime, the procedure was not an identification, but was more in the nature of a confirmation *(see, People v Tas,* 51 NY2d 915; *People v Lang,* 122 AD2d 226, *lv denied* 68 NY2d 1001). In any event, the identification procedure was not suggestive and an independent source for the identification existed based upon the fact that during the commission of the crime, the complainant observed the defendant at close range in a well-lit area *(see, People v Arnette,* 111 AD2d 861; *People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768).

We find equally unpersuasive the defendant's argument that the trial court improperly exercised its discretion by allowing evidence of 2 of the defendant's 4 prior convictions to be used for impeachment purposes *(see, People v Sandoval,* 34 NY2d 371). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.