■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ANDROVETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.) rendered April 3, 1985, convicting him of robbery in the first degree (two counts) and kidnapping in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of kidnapping in the second degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to establish his guilt beyond a reasonable doubt is without merit. The defendant was convicted of charges stemming from the armed robbery of an IBI Security Service (hereinafter IBI) van on January 30, 1984. William Wilhelmsen and Frank Orrigo, two IBI security guards, testified that as they were about to unload bags of money in the parking lot outside the Norstar Bank in Hempstead, they were accosted at gunpoint by coperpetrators Anthony Ortiz and Edward Rodriguez. The IBI

employees were disarmed, handcuffed and forced to lie down in the back of the van while a third perpetrator, whom they did not see, drove the van to a secluded area. The police arrived while the bags of money were being transferred to a waiting blue Mercury automobile. Ortiz and Rodriguez were arrested at the scene. Wilhelmsen and Orrigo were rescued from the hijacked van. The defendant was tried separately from his coperpetrators, and the main issue was the strength of the People's proof regarding the defendant's identity as the third perpetrator.

The record reveals that both Wilhelmsen and Orrigo heard one of the robbers refer to the driver as "Tommy" as the van was being driven away from the bank. Theodore Robinson, the security guard at the Norstar Bank, identified the defendant as being present at the hijacking. Mr. Robinson testified that his attention was drawn to the defendant when he saw him standing about 20 feet away through the rear glass door of the bank. At that time, the defendant addressed him, stating, "You come here". Mr. Robinson made eye contact with the defendant and observed the defendant make what could only be described as a threatening gesture by reaching into his jacket as if he were grabbing for a gun. The defendant's fingerprint was found in the blue Mercury automobile owned by the coperpetrator Rodriguez which was discovered in the area where the IBI van was abandoned. Moreover, at the time of his arrest three days later the defendant misidentified himself to the police, claiming that he was his brother, in an effort to avoid apprehension.

When viewed in a light most favorable to the People, the evidence was legally sufficient to establish the defendant's guilt (see, People v Contes, 60 NY2d 620). Although the defendant attempted to controvert this evidence by presenting an alibi defense and innocent explanations for both the presence of his fingerprint in Rodriguez's vehicle and for his behavior at the time of his arrest, these issues were before the jury for its consideration (see, People v Jeffries, 125 AD2d 412, lv denied 69 NY2d 882). It is well settled that questions of credibility and identification are primarily for the jury to determine (see, People v Rosa, 125 AD2d 345, lv denied 69 NY2d 954; People v Caldwell, 125 AD2d 402, lv denied 69 NY2d 825). The jury resolved those issues in favor of the People, and we decline to disturb their conclusions. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable

doubt, and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's further contention that the hearing court should have suppressed the lineup and in-court identifications of the defendant by Mr. Robinson on the ground that they were tainted by an unduly suggestive photographic identification is also unavailing. Although the hearing court held that the photographic identification procedure was defective, the court further held that there was an independent source for the in-person identifications of the defendant by Mr. Robinson. The court's finding of an independent source was proper. The witness had a clear and unobstructed view of the defendant under well-lit conditions. Although he only observed the defendant for a matter of seconds, he testified to making eye contact with the defendant and to hearing the defendant speak and was thereafter able to give a detailed description of the defendant to the police. Thus, the finding of an adequate independent basis for the in-court identification is supported by the evidence (see, People v Washington, 111 AD2d 418, lv denied 66 NY2d 768; People v Coleman, 98 AD2d 942). Moreover, the totality of the circumstances indicate that the lineup identification of the defendant retained sufficient indicia of reliability so as to warrant the admission of testimony concerning it at the trial despite any suggestiveness of the photographic identification (see, Manson v Brathwaite, 432 US 98; People v Scott, 124 AD2d 684, 685, lv denied 69 NY2d 833). The lineup was conducted within four days of the crime while the witness's memory was still fresh, and there was no evidence that the witness was basing his identification on the photograph rather than his observation of the defendant during the crime.

We do, however, agree with the defendant's contention that the merger doctrine must be applied to this case, and, therefore, his conviction of kidnapping in the second degree must be reversed, the sentence imposed thereon vacated and those counts dismissed (see, People v Cassidy, 40 NY2d 763, 768; People v Ennis, 107 AD2d 707, 708). The evidence presented at trial revealed that any detention of the victims was incidental to the commission of the underlying robbery.

We have examined the defendant's remaining contentions, including those in the defendant's pro se supplemental brief, and find them to be unpreserved and, in any event, without merit. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.