■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered July 9, 1982, convicting him of robbery in the first degree, attempted robbery in the first degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that the trial testimony was legally sufficient for the jury to find the defendant guilty of the charges upon which he was convicted. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The conflicting testimony adduced at trial merely created a credibility issue which was resolved by the jury (see, People v Daniels, 134

AD2d 361; *People v Shapiro,* 117 AD2d 688, *lv denied* 67 NY2d 950).

The defendant's contention that the showup identification was impermissibly suggestive is without merit. The identification at the scene, which took place only a short time after the incident, was the type of constitutionally appropriate prompt identification procedure that serves to enhance the reliability of identifications and the prompt release of innocent suspects *(see, People v Brnja,* 50 NY2d 366; *People v Hernandez,* 127 AD2d 790, *lv denied* 70 NY2d 648; *People v Soto,* 87 AD2d 618). In any event, the People proved by clear and convincing evidence that there was a reliable independent source for the complainant's identification of the defendant *(see, Manson v Brathwaite,* 432 US 98).

We have reviewed the remainder of the defendant's contentions and find that they are either without merit or unpreserved for appellate review. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.