■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MORGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 16, 1986, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we conclude that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620; *People v Androvett,* 135 AD2d 640). Moreover, upon the exercise of our factual review power, and recognizing the role of the jury in assessing the credibility and determining the weight to be afforded to a particular witness's testimony, we are also satisfied that the jury's verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The critical issue in this case turned on the credibility of the witnesses. By its verdict, the jury apparently credited the eyewitnesses' testimony and accorded it great weight, while it rejected that of the defendant. Although the defendant emphasizes certain inconsistencies in the eyewitnesses' testimony, the evidence in the record indicates that the witnesses unequivocally identified the defendant as one of the perpetrators of the crimes and each of them described him as armed with a rifle. Weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn, on this record we find no basis to set aside the verdict.

Additionally, although certain questions posed by the prosecutor during the cross-examination of the defendant were improper, we find, contrary to the defendant's contentions, that he was not deprived of a fair trial as a result thereof. In this regard, we note that the defense counsel's objections to the questions in issue were promptly sustained by the trial

court, that the defendant, by virtue of the trial court's rulings, never responded to the questions, and that immediate curative instructions were issued by the court which were later reiterated during the final charge to the jury *(cf., People v Smalls,* 94 AD2d 777).

Finally, we find no reason to disturb the court's exercise of its discretion in imposing sentence against the defendant. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.