■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS G. HOYER, JR., Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schoharie County (Lamont,

J.), rendered October 2, 1985, convicting defendant upon his pleas of guilty of the crimes of murder in the second degree and assault in the second degree.

Defendant and his brother, William Hoyer, entered the Red Door Deli in the Town of Schoharie, Schoharie County, on November 12, 1984 for the purpose of committing a robbery. They engaged the store clerk in conversation for more than one hour before executing their plan. At one point, defendant's brother went to his car and returned with a loaded shotgun, seemingly to allow the clerk to examine it. Eventually, defendant told the clerk to give them money and, when he refused, defendant fired the shotgun at him, hitting him in the chest and killing him immediately. Defendant and his brother then took approximately $180 from the store and fled.

Kenneth Miller, Trent Benninger and Christopher Cross had seen defendant in the store prior to the shooting and identified him from a photo array. Several investigators and uniformed troopers, accompanied by defendant's father, went to the home of defendant's uncle to execute a warrant for defendant's arrest. Defendant's father called to him to come down and told him that he would not be hurt. Defendant voluntarily came to the front door where he was arrested and advised of his *Miranda* rights. He then stated, "I didn't mean to do it."

Suppression and *Wade* hearings were conducted, after which County Court held defendant's oral statement to be admissible and denied defendant's motion to exclude prospective in-court identification. Thereafter, defendant entered guilty pleas to murder in the second degree and assault in the second degree and was sentenced to consecutive prison terms of 20 years to life and 2 to 4 years, respectively. The assault charge arose out of an attempt to escape from the County Jail while awaiting trial on the murder charge. During this incident, defendant tied up a Deputy Sheriff and abused, threatened and beat him, causing him to suffer a broken jaw and other serious injuries. This appeal followed.

Initially, defendant contends that County Court erred in not suppressing the identification testimony of Miller, Benninger and Cross. Pretrial identification is not admissible into evidence if the procedures followed in securing said identification were unduly suggestive *(see, People v Adams,* 53 NY2d 241, 248). The test to be used in determining the propriety of pretrial identification is one of fairness *(see, People v Logan,* 25 NY2d 184, 191, *cert denied* 396 US 1020) based upon the totality of the surrounding circumstances *(see, Stovall v*

*Denno*, 388 US 293, 302). Upon review of the record, we agree with County Court that the photo array was not unduly suggestive. There is no evidence that the three witnesses consulted with one another in determining which, if any, picture depicted defendant, that any of the witnesses were influenced by another or that the viewing of the photos was otherwise tainted *(People v Cummings*, 109 AD2d 748). The entire process was consistent with defendant's rights of due process.

Next, we reject defendant's assertion that County Court erred in refusing to suppress his oral statement made to police officers at the time of his arrest. Because an accusatory instrument had previously been filed *(see, People v Samuels*, 49 NY2d 218), the police could not engage defendant in custodial interrogation or its functional equivalent at the time of his arrest *(see, People v Lanahan*, 55 NY2d 711). However, the police are not required to gag or otherwise prevent a talkative defendant from making a statement *(see, People v Rivers*, 56 NY2d 476, 479). Defendant argues that the presence of police, armed and in force, accompanied by defendant's father calling to his son to come down, caused the oral statement to be made as the product of " 'subtle maneuvering' " *(see, supra,* at 480), the functional equivalent of interrogation *(see, People v Lanahan, supra).* We disagree. We concur with County Court's findings that the statement was blurted out in genuine spontaneity and was not the result of express questioning or its functional equivalent *(see, Rhode Is. v Innis*, 446 US 291; *People v Rivers, supra)* and, consequently, was admissible.

Last, defendant's contention that the sentence imposed was excessive and should be reduced in the interest of justice is meritless. Therefore, the judgment should be affirmed in all respects.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.