■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HILTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 13, 1985, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the hearing court properly denied the defendant's motion to suppress testimony regarding his hospital showup identifications. The showup took place in close spatial and temporal proximity to the robbery and both the victim and her boyfriend, who witnessed part of the crime, identified the defendant and one of his two accomplices, who had been apprehended along with the defen-

dant several blocks from the crime scene. Accordingly, we conclude that the showup was not unduly suggestive or conducive to mistaken identification *(see, People v Love,* 57 NY2d 1023; *People v Thompson,* 129 AD2d 655; *People v Gilliard,* 116 AD2d 657, *lv denied* 67 NY2d 943). Moreover, we note that the People proved by clear and convincing evidence that there was an independent source for the victim's in-court identification of the defendant *(see, Manson v Brathwaite,* 432 US 98; *People v Adams,* 53 NY2d 241).

The defendant also argues that he was denied his constitutional right to effective assistance of counsel on the ground, among others, that his trial counsel failed to call two available alibi witnesses and advised the defendant not to take the stand in support of an alibi defense. Because these claims are based on matters outside of the record, they cannot be raised on direct appeal.

We have examined the remaining contentions advanced by the defendant and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.