■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 8, 1985, convicting him of robbery in the first degree (two counts) and kidnapping in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence and statements made by him to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions of kidnapping in the second degree (two counts), vacating the sentences imposed thereon and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was indicted with two codefendants, Anthony

Ortiz and Thomas Androvett, on charges stemming from the robbery of a security service van. Two security service guards were handcuffed and forced to lie in the back of the van while it was driven to a secluded area. Ortiz was tried jointly with the defendant, while Androvett was separately tried. All three codefendants were convicted of two counts of robbery in the first degree and two counts of kidnapping in the second degree. This court has already modified the judgments against Ortiz and Androvett by reversing the kidnapping convictions and dismissing those counts of the indictment *(see, People v Ortiz,* 137 AD2d 727; *People v Androvett,* 135 AD2d 640, *lv denied* 71 NY2d 892).

The defendant contends that the showup identifications of him by the two complainants were impermissibly suggestive. We disagree. The complainants were brought separately on foot to the area where the defendant was being detained. The identifications at the scene, which took place only a few minutes after the incident occurred, were "the type of constitutionally appropriate prompt identification procedure[s] that serve * * * to enhance the reliability of identifications and the prompt release of innocent suspects *(see, People v Brnja,* 50 NY2d 366; *People v Hernandez,* 127 AD2d 790, *lv denied* 70 NY2d 648; *People v Soto,* 87 AD2d 618)" *(People v Davis,* 137 AD2d 611, 612, *lv denied* 72 NY2d 858; *see also, People v Hicks,* 68 NY2d 234; *People v Brooks,* 125 AD2d 481, *lv denied* 69 NY2d 877). We note that the People proved by clear and convincing evidence that there was an independent source for an in-court identification of the defendant *(People v Adams,* 53 NY2d 241; *People v Ballott,* 20 NY2d 600; *People v Jackson,* 131 AD2d 509).

Nor is there merit to the defendant's contention that the statements he made to the police were obtained in violation of his right to counsel. The interrogating officer testified that the defendant denied having any criminal charges pending against him. "[W]here defendant has frustrated police efforts to ascertain the true state of affairs by denying such representation even though it exists, he himself thwarts the efforts to effectuate" the protection of his right to counsel *(People v Lucarano,* 61 NY2d 138, 147). Although the defendant's testimony conflicted with that of the police officers, the suppression court determined that his testimony was incredible. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" *(People v Prochilo,* 41 NY2d 759, 761).

Although not raised by the defendant, we find that the merger doctrine must be applied to this case, as it was in the case of the codefendants, and therefore the convictions of kidnapping in the second degree must be reversed, the sentences imposed thereon vacated and those counts dismissed *(see, People v Cassidy,* 40 NY2d 763, 768; *People v Ortiz,* 137 AD2d 727, 729, *supra; People v Androvett,* 135 AD2d 640, 642, *lv denied* 71 NY2d 892, *supra).*

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.