■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID AVILES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 10, 1986, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the hearing court properly denied that branch of his omnibus motion which was to suppress testimony regarding his showup identifications. Specifically, the showup occurred in close spatial and temporal proximity to the robbery *(see, People v Hilton,* 148 AD2d 749) while the victims' memories were fresh *(see, People v Fabrizis,* 145 AD2d 504). Both victims spontaneously identified the defendant, without consulting each other *(see, People v Wade,* 143 AD2d 703; *People v Hoyer,* 141 AD2d 973; *People v Wiredo,* 138 AD2d 652). The detective who conducted the showup asked each victim to separately view the defendant. He did not advise the victims that he had apprehended the suspects nor did he encourage them to make an identification. Under the circumstances, we conclude that the showup procedure was not impermissibly suggestive. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.