■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE TYSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered February 17, 1987, convicting him of criminal possession of stolen property in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, his statements to the police, and pretrial and in-court identification testimony.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of criminal possession of stolen property in the second degree to criminal possession of stolen property in the fifth degree; as so modified, the judgment is affirmed.

The defendant's mere allegation that his arrest was not

based upon probable cause was insufficient to challenge the reliability of the information transmitted to the arresting officer *(see, People v Jenkins,* 47 NY2d 722; *People v Lypka,* 36 NY2d 210; *People v McAllister,* 143 AD2d 687; *People v Muriell,* 128 AD2d 554). Clearly the officer had probable cause to arrest the defendant based not only upon the statements made to him by a passing motorist that the occupants of the vehicle which the defendant was operating had just been involved in a robbery at a gas station but also upon the information received from a radio report *(see, People v Johnson,* 66 NY2d 398; *People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Landy,* 59 NY2d 369; *People v Lypka, supra; People v Lacen,* 154 AD2d 398; *People v Brown,* 146 AD2d 793; *People v Inman,* 80 AD2d 622).

We further find that the search of the vehicle was proper as the police had made a valid arrest, there was reason to believe the car contained evidence related to the crime for which the defendant was arrested, and the search was contemporaneous with the arrest *(see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49).

We also agree with the hearing court's conclusion that the defendant's statements should not have been suppressed. A review of the record indicates that the prosecution never introduced the defendant's exculpatory statements and defense counsel was only permitted to elicit testimony as to two statements which were spontaneously made by the defendant. As the statements were not made in response to police interrogation, suppression was properly denied *(see, People v Lynes,* 49 NY2d 286; *People v Wade,* 143 AD2d 703; *People v Lyons,* 125 AD2d 593). We also note that the record is devoid of any evidence which would support the defendant's claim that any coercive measures were undertaken with respect to the statements uttered by the defendant following the administration of his *Miranda* warnings *(see, People v Tarsia,* 50 NY2d 1).

The defendant's contention that the showup identifications were impermissibly suggestive is without merit. The identifications, which took place at the scenes of the two crimes only a short time after the incidents, were of the type that are constitutionally appropriate identification procedures that serve to enhance the reliability of identifications and the prompt release of innocent suspects *(see, People v Hilton,* 148 AD2d 749; *People v Andre A.,* 146 AD2d 704; *People v Henley,* 145 AD2d 570; *People v Milza,* 140 AD2d 718; *People v Molina,* 140 AD2d 377; *People v Redd,* 137 AD2d 770; *People v Davis,* 137 AD2d 611).

Notwithstanding our determination, we note that the defendant's conviction under a prior version of criminal possession of stolen property in the second degree (Penal Law former § 165.45) must be reduced to a conviction for criminal possession of stolen property in the fifth degree (Penal Law § 165.40) by virtue of amendments to Penal Law article 165 which became effective November 1, 1986 *(see, People v Behlog,* 74 NY2d 237; *People v McCann,* 149 AD2d 814).

We have examined the defendant's remaining contention and conclude that it has been unpreserved for appellate review and is without merit. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.