■ The People of the State of New York, Respondent, v Charlton Douglas, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 16, 1989, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the identification testimony of the complaining witness was tainted by a suggestive joint-viewing of a photographic array and by a suggestive lineup. We disagree.

In cases where the defendant and the complainant are known to one another " 'suggestiveness' is not a concern" *(People v Gissendanner,* 48 NY2d 543, 552; *see, People v Tas,* 51 NY2d 915). Identification procedures in such cases are "more in the nature of a confirmation rather than an identification", and, therefore, the issue of suggestiveness is not relevant *(see, People v Lang,* 122 AD2d 226, 227).

The record contains testimony that the complaining witness knew the defendant as a fellow occupant of her apartment building and that the building's superintendent had introduced the defendant to her as the building's manager. Since the complainant knew the defendant, the issue of the suggestiveness of the identification procedures does not warrant suppression of the identification testimony.

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Blake,* 35 NY2d 331; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.