■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DARTY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Santagata, J.), rendered May 17, 1989, convicting him of burglary in the second degree, upon a jury verdict and imposing sentence. The

appeal brings up for review, the denial, after a hearing (Collins, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial established that upon entering the administrative office of the Hempstead Middle School at approximately 9:15 P.M. on July 26, 1988, the complainant, a cleaner at the school, found a typewriter out of place. Thereafter, an individual she recognized as the defendant came up from behind the counter, threatened her with a tire iron, and told her not to scream. He then fled. Although the complainant viewed the perpetrator only briefly, was unable to describe him in any detail, and did not tell the police his name in her initial interview, the foregoing evidence was before the jury, which had the opportunity to weigh the identification evidence and resolve any issues of credibility *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Gaimari,* 176 NY 84). The jury's determination in that regard must be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Moreover, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony. Suggestiveness was not a concern because the defendant and the complainant knew one another *(see,* CPL 710.30; *People v Gissendanner,* 48 NY2d 543, 552; *People v Tas,* 51 NY2d 915; *People v Lang,* 122 AD2d 226; *People v Douglas,* 170 AD2d 691).

In addition, we reject the defendant's contention that he did not receive the effective assistance of counsel. Defense counsel's efforts, as a whole, afforded the defendant "meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 147). Counsel made appropriate pretrial motions, effectively cross-examined witnesses, raised objections, and delivered cogent opening and closing statements that emphasized the defense theory of mistaken identification. Thus, taken as a whole, his performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel *(see, People v Baveghems,* 137 AD2d 822, 823; *People v Robinson,*

133 AD2d 473, 474; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Moreover, defense counsel's assistance was not constitutionally ineffective merely because some of his strategic choices turned out to be unsuccessful *(see, People v Hinton,* 140 AD2d 712).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Sandoval,* 34 NY2d 371; *People v Lawrence,* 143 AD2d 1045, 1046). Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.