■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MOLINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Humphreys, J.), rendered June 21, 1985, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Westchester County, to hear and report in accordance herewith, and the appeal is held in abeyance in the interim. The

County Court, Westchester County, is to file its report with all convenient speed.

The trial court submitted four counts for the jury's consideration: attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

After the jury completed deliberations, it returned a verdict, recorded in the stenographic minutes as follows:

"THE COURT CLERK: Members of the jury, * * * how say you as to the first count? Do you find the defendant guilty or not guilty of attempted assault in the first degree?

"THE FORELADY: Guilty.

"THE COURT CLERK: How say you as to the second count, reckless endangerment in the first degree? Guilty or not guilty?

"THE FORELADY: Not guilty.

"THE COURT CLERK: How say you as to the third count, criminal possession of a weapon *in the third degree?* Guilty or not guilty?

"THE FORELADY: Guilty.

"THE COURT CLERK: How say you as to the fourth count, criminal possession of a weapon *in the fourth degree?* Guilty or not guilty?

"THE FORELADY: Guilty.

"THE COURT CLERK: Is this a unanimous verdict?

"THE FORELADY: yes.

"THE COURT CLERK: Thank you. You may be seated. The verdict stands recorded" (emphasis supplied).

It appears from the stenographic minutes that the Court Clerk, instead of asking the jury's verdict as to count three of the indictment charging defendant with criminal possession of a weapon in the *second degree,* asked for a verdict as to criminal possession of a weapon in the *third degree,* so that the jury rendered a guilty verdict on a charge which was erroneously deemed to be under count three. Similarly, with regard to the fourth count, the stenographic record shows that the Court Clerk read the charge as criminal possession of a weapon in the *fourth degree* rather than in the *third degree.*

The defendant argues that the verdicts on those two counts are flawed and must be vacated. However, no one present at the trial commented on the Court Clerk's apparent misreading of the counts. Although the stenographic minutes show a

discrepancy with respect to the counts submitted to the jury, the Clerk's minutes (dated May 10, 1985, at 5:30 P.M. and taken contemporaneously with the stenographer's minutes), and the verdict sheet reflect that the proper counts were in fact submitted to the jury. A hearing is thus necessary to reconcile the inconsistencies between the stenographic minutes, on the one hand, and the Clerk's minutes and verdict sheet, on the other hand, and to determine whether the stenographic minutes or the Clerk's minutes and verdict sheet accurately reflect the proceedings in court when the jury rendered its verdict. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.