■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MOLINA, Appellant. [609 NYS2d 66] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Humphreys, J.), rendered June 21, 1985, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. By decision and order dated October 19, 1992, this Court remitted the matter to the County Court, Westchester County, to hear and report on whether the stenographic minutes or the clerk's minutes and the verdict sheet accurately reflect the proceedings in court when the jury rendered its verdict and held the appeal in abeyance in the interim (see, People v Molina, 186 AD2d 762). The County Court has now filed its report.

Ordered that the judgment is affirmed.

A reviewing court must give deference to the hearing court's ability to hear and weigh the evidence (see, People v Prochilo, 41 NY2d 759; People v Paris, 138 AD2d 534) and, when supported by the record, the hearing court's determination should not be disturbed on appeal (see, People v Quang Ngoc Phan, 198 AD2d 309; People v Garafolo, 44 AD2d 86, 88). Here, the hearing court heard testimony from the Trial Judge, the court clerk and the prosecutor, each of whom testified that he believed the stenographic minutes to be in error, and explicitly credited their testimony. Upon the exercise of our factual review power, we are satisfied that the hearing court's determination is not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that he did not receive the effective assistance of counsel at trial since defense counsel's efforts, as a whole, afforded the defendant meaningful representation (see, People v Baldi, 54 NY2d 137, 147). Counsel effectively cross-examined witnesses, raised objections, and delivered cogent opening and closing statements that emphasized the defense theory that the defendant was not the person who had fired the shots at the complainant. Thus, taken as a whole, his performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel (see, People v Marshall, 193 AD2d 818, 819; People v Darty, 177 AD2d 587, 588; People v Baveghems, 137 AD2d 822, 823; People v Morris, 100 AD2d 630, affd 64 NY2d 803).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or

without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.