# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1027**

**KA 14-01324**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SCOTT WENDEL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 25, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]). Supreme Court sentenced defendant as a second violent felony offender to nine years of imprisonment to be followed by five years of postrelease supervision.

Defendant contends that he was denied effective assistance of counsel during the pre-indictment plea negotiations on the grounds that defense counsel allegedly failed to provide meaningful representation in properly advising defendant with respect to whether he should accept or reject the offer, and that defense counsel failed to inform him that the pre-indictment plea offer was about to expire. That contention "survives his guilty plea only insofar as he contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor performance" (*People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752; *see People v Petgen*, 55 NY2d 529, 534-535, *rearg denied* 57 NY2d 674). Here, defendant failed to make a showing that he entered his plea because of his attorney's allegedly poor performance. Furthermore, to the extent that defendant's contention survives his guilty plea, we conclude that it lacks merit (*see People v Rockwell*, 137 AD3d 1586, 1587; *cf. People v Abdulla*, 98 AD3d 1253, 1254, *lv denied* 20 NY3d 985). The record, including the testimony from the hearing on defendant's motion to reinstate a prior plea offer,

establishes that defendant "received 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Hoyer*, 119 AD3d 1457, 1458).

Defendant also contends that the court erred in refusing to suppress a photo array identification of him by a witness based upon an alleged irregularity in the way the array was compiled. We reject that contention. "The test to be used in determining the propriety of pretrial identification is one of fairness . . . based upon the totality of the surrounding circumstances" (*People v Hoyer*, 141 AD2d 973, 974, *lv denied* 72 NY2d 1046). Here, the People established both the reasonableness of the police conduct in using the vehicle identified in connection with the burglary to identify defendant, and then using his physical characteristics as obtained through a prior booking photo to compile the array, as well as the lack of any undue suggestiveness in the photo array procedure, and defendant failed to meet his burden of proving that the procedure was unreasonable or unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335-336).

Finally, we conclude that defendant's sentence is not unduly harsh or severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court