■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BAVEGHEMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered January 3, 1986, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of physical evidence.

Ordered that the judgment is affirmed.

On December 10, 1984, at approximately 6:15 P.M., a police officer observed an automobile which did not have registration stickers stopped at a red light. The police officer asked the defendant for his license and registration. The license had been altered and the registration had not been validated. Using a flashlight, the officer proceeded to compare the defendant's registration to the vehicle identification number on the windshield. As he did so, the officer noticed what appeared to be a gun sticking out from beneath the driver's seat. The defendant refused to give the officer the keys to the car and threw them to a friend standing at a distance from the officer. The officer retrieved the keys, placed the defendant under arrest, and then removed a pistol from beneath the car seat.

The defendant contends that the police officer's testimony regarding the discovery of the gun is incredible. There is no basis on this record for disturbing the determination of the court denying suppression of the gun *(see, People v Armstead,* 98 AD2d 726). The warrantless search of the passenger compartment of the car was authorized as a search incident to an arrest and under the plain view exception to the warrant requirement *(see, New York v Belton,* 453 US 454, *reh denied* 453 US 950; *Texas v Brown,* 60 US 730).

Upon the exercise of our factual review power, we are

satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, we find that the court did not abuse its discretion in denying counsel's motion to be relieved (see, People v Tineo, 64 NY2d 531, 536). The defendant voluntarily retained counsel immediately after his arrest. On the first day of trial, counsel requested to be relieved because the defendant had decided, contrary to counsel's advice, to waive a jury trial and counsel was reluctant to proceed with a bench trial. The court made inquiry of the defendant who indicated that he did not want new counsel substituted and would proceed to trial with his retained counsel. The record contains no evidence suggesting judicial interference with the defendant's decision to proceed with his retained counsel (see, People v Arroyave, 49 NY2d 264, 270; Matter of Abrams [Anonymous], 62 NY2d 183, 200).

Furthermore, we find that the defendant was provided with meaningful and effective assistance by counsel (see, People v Benn, 68 NY2d 941, 942; People v Baldi, 54 NY2d 137). The record reveals that defense counsel was eminently familiar with both the law and facts relevant to the defense, in addition to being well versed in the principles of criminal law and procedure. The defense counsel made pretrial motions, requested a suppression hearing and a Sandoval hearing, effectively cross-examined prosecution witnesses, raised numerous objections, delivered cogent opening and closing statements, and made appropriate posttrial motions. In addition, counsel made a logically compelling statement on behalf of the defendant at sentencing.

We have considered the defendant's remaining contentions, including his claims of prosecutorial misconduct, and find them to be without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.