■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN A. RICCIARDI, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered June 17, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing indicates that the stop of the vehicle operated by the defendant by Officer Powell at 3:30 A.M. on November 23, 1986 was reasonable, since it was based upon the fact that it was being operated with one taillight in violation of Vehicle and Traffic Law § 375 (2) (a) (3) (see, People v Williams, 137 AD2d 569, 570; People v McDaniel, 114 AD2d 471). Moreover, there is no basis for concluding that Officer Powell stopped the vehicle for a traffic violation merely as a pretext to investigate unrelated criminal activity (cf., People v Llopis, 125 AD2d 416).

Moreover, the officer properly ordered the defendant to step out of the car (see, Pennsylvania v Mimms, 434 US 106; see also, People v Marin, 80 AD2d 541; People v David L., 56 NY2d 698). The defendant's glazed and bloodshot eyes, as well

as the odor of alcohol, alerted Officer Powell to the defendant's possible intoxication. The defendant voluntarily submitted to an "alcosensor" test, conducted pursuant to the authority of Vehicle and Traffic Law § 1194 (1) (b). While Officer Powell administered the test, Officer Bartolotti, who had arrived on the scene in response to Officer Powell's radio report of the stop, shined his flashlight on the inspection and registration stickers on the vehicle's windshield to check the validation dates. As he did so, that officer observed, in plain view, on the floor of the driver's side of the vehicle, a clear plastic bag, containing white powder, which, based on his training and experience, he believed to be cocaine. The officer seized the contraband and the defendant was placed under arrest. Upon returning to the vehicle, Officer Bartolotti retrieved two additional bags, also containing cocaine, which were also in plain view on the floor of the driver's side of the vehicle.

Both Federal and State decisional law permit seizure of articles which come into an officer's plain view from a lawfully obtained vantage point (see, Coolidge v New Hampshire, 403 US 443, 466, reh denied 404 US 874; People v Baldanza, 138 AD2d 722, 723; People v Thomas, 125 AD2d 895, 897). Contrary to the defendant's contention, Officer Bartolotti's use of a flashlight was not an unreasonable intrusion and did not convert a proper observation into an impermissible search (see, People v Cruz, 34 NY2d 362, rearg granted and decision amended 35 NY2d 708; People v Baveghems, 137 AD2d 822; see also, People v Baldanza, supra; People v Perez, 135 AD2d 582, 583). The viewing, with the aid of a flashlight, of a clear plastic bag containing a white substance on a floor of a car by an officer trained and experienced in the field of narcotics, "constitutes probable cause to arrest the defendant and seize the contraband" (People v Baldanza, supra, at 724; see also, People v Cox, 28 NY2d 752; People v Rowell, 27 NY2d 691; People v McRay, 51 NY2d 594). The warrantless search of the vehicle, resulting in the seizure of two other bags of cocaine, was authorized as a search incident to an arrest under the plain view doctrine (see, New York v Belton, 453 US 454; People v Baveghems, supra) and under the automobile exception to the warrant requirement (People v Belton, 55 NY2d 49).

We also reject the defendant's contention that the testimony regarding the discovery of the contraband is incredible and patently tailored to overcome constitutional objections. There is no basis on this record for disturbing the determination of

the court denying suppression of the bags of cocaine *(see, People v Baveghems, supra; People v Baldanza, supra).*

Finally, the defendant was sentenced, as a second felony offender, to the minimum allowable sentence for this class B felony offense *(see,* Penal Law § 70.06 [3] [b]; [4] [b]). Consequently, the sentence cannot be considered unduly harsh or excessive *(see, People v Brown,* 46 AD2d 255). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.