■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DAGUILAR, Appellant.—Levine, J.

On October 15, 1987 at approximately 10:30 P.M. in the City of Kingston, Ulster County, Police Officers Jeffrey Blatter and James Maisenhelder were on motor patrol when they ob-

served a brown Saab automobile which had dark tinted windows, apparently in violation of Vehicle and Traffic Law § 375 (12-a). The officers began following this car and observed it make two turns without signaling. The officers then pulled the car over and when it came to a stop, they observed defendant open the passenger door, lean out and throw what appeared to be a plastic bag underneath the vehicle. As Maisenhelder approached the car on the passenger side, he saw defendant holding what appeared to be a marihuana cigarette. He then told defendant to remain inside the car. Blatter was on the driver's side and as the driver rolled down the window, both officers recognized the odor of marihuana emanating from the vehicle.

After the driver produced identification, he was ordered out of the car, frisked and placed under arrest. Defendant was then removed from the car and frisked for weapons. A knife and a small bag of marihuana were discovered on defendant. Defendant was also placed under arrest.

After both suspects had been secured, Blatter returned to the vehicle and retrieved the plastic bag defendant had thrown under the car. This bag was later determined to contain 49.74 grams of cocaine. A further search of defendant at the police station resulted in the discovery of 12 additional bags of marihuana.

Defendant was subsequently indicted on charges of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana. Defendant moved for suppression of the physical evidence, contending that the police had not lawfully stopped the vehicle in which he was riding. Following a suppression hearing, County Court refused to suppress the evidence. Defendant proceeded to trial and was ultimately convicted of both charges contained in the indictment. County Court thereafter imposed a sentence of 5 to 15 years' imprisonment and a $100 fine. This appeal by defendant ensued.

Defendant's chief contention on appeal is that the police engaged in a pretextual traffic stop of the vehicle in which he was riding. However, the officers' testimony at the suppression hearing indicated that they had a reasonable suspicion of Vehicle and Traffic Law violations, including the failure to signal a turn (Vehicle and Traffic Law § 1163 [b]) and excessively tinted windows (Vehicle and Traffic Law § 375 [12-a]), when they decided to stop the vehicle. Thus, we agree with County Court's determination that the police had lawfully stopped the vehicle and suppression was properly denied (see,

*People v Hines,* 155 AD2d 722, 724; *People v Villanueva,* 137 AD2d 852, *lv denied* 71 NY2d 1034). We have considered defendant's remaining contentions and find them also to be without merit.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.