■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered April 25, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

After observing the defendant, who was driving a car with tinted windows, the police made an inquiry as to the status of the vehicle's license plate number, and determined that the car had an expired registration. The police then pulled the defendant over and requested his driver's license. A check of the defendant's driver's license revealed that it was suspended. The defendant was ordered out of the car. As he exited, he left the door open, which permitted the police to observe a gun protruding from under the driver's seat. The defendant was then placed under arrest.

We find that the defendant's claim that the physical evidence seized should have been suppressed is without merit. First, the police lawfully stopped the defendant because of an expired registration *(see, People v Ellis,* 62 NY2d 393, 396; *People v Daguilar,* 158 AD2d 857, 858; *People v Osborne,* 158 AD2d 740, 741-742; *People v Ricciardi,* 149 AD2d 742, 743). Further, the police lawfully ordered the defendant to exit the car after they learned of his suspended license *(see, Pennsylvania v Mimms,* 434 US 106; *People v Landy,* 59 NY2d 369, 376). In addition, there was probable cause to arrest the defendant after the gun was observed in plain view and the subsequent seizure of the gun was also proper *(see, People v Ellis, supra,* at 397; *People v Ricciardi, supra,* at 743).

The defendant's remaining contentions are either without merit or unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.