■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR BERGOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 17, 1988, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him as a second felony offender

to one and one-half to three years imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as an exercise of discretion in the interest of justice, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to Supreme Court, Kings County, for resentencing.

The record supports a finding that the gun that was seized by police after the defendant was stopped for a traffic infraction was in plain view in the defendant's car *(see, People v Thomas,* 168 AD2d 655). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the weapon.

The defendant argues that he was improperly sentenced as a second felony offender because his prior conviction was for a misdemeanor. The defendant's status as a second felony offender was based upon his prior conviction of attempted grand larceny in the second degree. Under amendments to the Penal Law which took effect prior to sentencing on that prior conviction *(see,* Penal Law §§ 155.30, 155.35, as amended by L 1986, ch 515; *People v Behlog,* 74 NY2d 237) the acts for which he was convicted were reclassified as attempted grand larceny in the fourth degree, a class A misdemeanor. Although the defendant did not object to his adjudication as a second felony offender, we exercise our interest of justice jurisdiction to modify the sentence. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.