■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CORNIELLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 9, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On May 14, 1988, at approximately 1:00 A.M., a person walked into the 73rd Precinct station house and complained to Sergeant Michael Marino that he had just been robbed by three armed black men at the corner of Marion Street and Hopkinson Avenue, and that he thought they entered the grocery store there. Shortly thereafter, Sergeant Marino and five other police officers arrived at the grocery store and entered a locked area by knocking on the door and being admitted by someone inside. The officers, who had their guns drawn but who observed no criminal activity, checked several of the store occupants for weapons. They found none, and the complainant, who remained outside, indicated through a plate glass window that none of those people had participated in the robbery. Sergeant Marino holstered his gun and then approached the defendant, who remained behind the store's counter, which, according to Sergeant Marino, did not have a "gate or anything prohibiting [him] from going back there". Sergeant Marino questioned the defendant as to who he was and what he was doing. When the defendant answered that he was the manager, Sergeant Marino went behind the counter because, as he testified at the hearing, he thought that the defendant could have been one of the perpetrators, and that the defendant could have put a gun down behind the counter or that "there could have been perpetrators ducking down behind the counter". Once behind the counter he observed in plain view a 12-gauge shotgun and a brown paper bag with the neck rolled down, thereby enabling him to see a large quantity of small vials containing crack.

The defendant's challenge to the police conduct as violative of his right to be free of unreasonable searches and seizures is directed only at Sergeant Marino's act of going behind the counter. However, in light of the limited expectation of privacy involved as well as the nature of the intrusion and the possibility that failure to act could result in physical harm (see, People v Reynolds, 71 NY2d 552, 557; People v Alberti, 111 AD2d 860), we conclude that the hearing court, which credited Sergeant Marino's testimony, properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

As we have previously noted, law enforcement officers are

permitted in certain circumstances to conduct a superficial security check of premises where they are otherwise authorized to be when the safety of police officers or members of the public may be jeopardized by the presence of "third persons" *(see, People v Green,* 103 AD2d 362, 364). Moreover, it has long been the rule that a police officer who is acting on a reasonable suspicion that criminal activity is afoot and on an articulable fear for his safety may intrude upon persons and their personal effects to the extent necessary to protect himself from harm *(cf.,* CPL 140.50 [1]; *People v Torres,* 74 NY2d 224; *Terry v Ohio,* 392 US 1).

Under the circumstances of this case, it was within the lawful bounds of police conduct for Sergeant Marino to look behind the counter. Indeed, failure to make that limited intrusion into an area where the expectation of privacy was also limited could have been fatal to police officers or to other persons in the store. The return by Sergeant Marino of his service revolver to his holster before making the limited intrusion is of minimal significance, particularly since five other armed officers stood by. Once legitimately behind the counter, Sergeant Marino was free to observe what was in plain view *(see, People v Ricciardi,* 149 AD2d 742, 743; *People v Baldanza,* 138 AD2d 722, 723).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Whitehead,* 159 AD2d 741; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.