■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN HINES, Appellant. [619 NYS2d 330] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered January 26, 1993, convicting him of attempted assault in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Following a shooting in the Faragut Housing Project in Brooklyn on December 20, 1990, the complainants, who were well acquainted with the defendant, informed the police of the incident and of the identity of the defendant. The defendant was then arrested at his apartment. During the arrest of the defendant, the police officers, aware that others remained in the apartment, and fearful for their safety, conducted a protective search of the apartment. While conducting this search, the officers saw, in plain view, two loaded handguns, a bag of

vials of crack cocaine, and other drug paraphernalia, which they seized. The complainants were then brought to the precinct for a jail-cell confirmatory identification of the defendant.

The defendant's contention that the physical evidence should have been suppressed as the illegal product of a warrantless search is without merit. While warrantless searches are generally constitutionally prohibited, "[u]nder certain circumstances, however, immediately following an arrest, law enforcement officers without a warrant may be permitted to conduct a security check—a very quick and limited pass through the premises to check for third persons who may destroy evidence or pose a threat to the officers" *(United States v Agapito,* 620 F2d 324, 335-336, *cert denied* 449 US 834; *see also, People v Cornielle,* 172 AD2d 681; *People v Green,* 103 AD2d 362; *People v Finlayson,* 76 AD2d 670, *cert denied* 450 US 931).

Here, there is ample evidence that the police saw and heard other adults in the apartment. Given the violent nature of the crime for which the defendant was being arrested and that his weapon may have been in the apartment for the other people to use against the officers, and as the testimony indicates that the search was brief and limited, it was a lawful exception to the warrant requirement *(see, People v Knapp,* 52 NY2d 689; *People v Green, supra).* Furthermore, as "seizure of articles which come into an officer's plain view from a lawfully obtained vantage point" is permitted *(People v Ricciardi,* 149 AD2d 742, 743), and as there is uncontroverted testimony that the weapons and contraband seized from the apartment were in plain view of the officers conducting the protective search, this physical evidence was properly admitted into evidence.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.