OPINION OF THE COURT
Peter M. Leavitt, J.
*341 In 1987 defendant was convicted, in County Court, Westchester County, of grand larceny in the third degree and criminal possession of stolen property in the second degree. He had committed said crimes in September 1986, at which time each was classified as a felony. Effective November 1, 1986, the value of the property stolen or possessed by which said offenses were aggravated from misdemeanors to felonies was raised from $250 to $1,000. Nevertheless, when, on November 25, 1986, the matter was presented to a Grand Jury, the grand jurors were instructed that the theft and possession of property with a value in excess of $250 were elements of the crimes of, respectively, grand larceny in the third degree and criminal possession of stolen property in the second degree. Defendant’s pretrial motion seeking retroactive application of the statutory amendments, and dismissal or reduction of the felony charges, was denied. The trial jurors were also charged in accordance with the preamendment statutory definitions. Following his conviction, defendant was sentenced to an indeterminate term of two to four years in State prison.[1]
On December 3, 1997, defendant entered a plea of guilty before this court to the class E felony of escape in the second degree, at which proceeding he also admitted his prior conviction for grand larceny in the third degree. Prior to the date set for the imposition of sentence defendant interposed a motion, pro se, to withdraw his guilty plea and to controvert the predicate felony conviction statement with which he had been served in the interim. Defendant’s present counsel has, by notice of motion, attorney’s affirmation and memorandum of law, adopted and supplemented said motion to which the People responded by affidavit in opposition and memorandum of law. By interim order of this court entered April 21, 1998, determination of defendant’s motion was reserved and defendant was granted leave to interpose an additional motion, pursuant to CPL 440.20, to set aside the sentence imposed in 1987. Defendant has, by notice of motion, attorney’s affirmation, memorandum of law and reply affirmation, interposed such additional motion, to which the People have responded by affidavit in opposition and memorandum of law. Upon consideration of all the foregoing papers, defendant’s motions are disposed of as follows:
*342 That branch of defendant’s motion which seeks an order, pursuant to CPL 440.10 (1) (h), vacating his 1987 judgments of conviction for grand larceny in the third degree and criminal possession of stolen property in the second degree is denied. (CPL 440.10 [2] [c].) No appeal was taken from said judgments and defendant’s alleged reasons for his failure to do so, even if proven, would not constitute justification therefor.
That branch of defendant’s motion which seeks an order, pursuant to CPL 440.20 (1), setting aside the sentence imposed upon the above-mentioned judgments of conviction is also denied. Upon its initial consideration of defendant’s original motion and the People’s response thereto the court was concerned that, as a consequence of the ameliorative amendments to sections 155.30 and 165.45 of the Penal Law, the sentencing of defendant upon his convictions therefor, to a term of imprisonment in excess of that which was authorized upon conviction for a misdemeanor, may have been invalid. Hence — as no appeal had been taken, nor motion for postjudgment relief yet been made — the court invited defendant to seek relief on such ground as well. However, having had the opportunity to fully consider the excellent arguments of counsel both in support thereof, and in opposition thereto, the court is now convinced that no such infirmity infects the sentence.
Whether or not the underlying judgments of conviction would have survived appeal, they clearly stood as valid felony convictions when sentence was imposed thereon in 1987. Indeed, had defendant attacked said judgments on the ground that the trial court had erroneously denied his motions for retroactive application of the amendments to Penal Law §§ 155.30 and 165.45, there can be little doubt that he would ultimately have prevailed on appeal. For, the People’s arguments to the contrary notwithstanding, such retroactive application was not then, and is not now, a matter of judicial discretion. In People v Behlog (74 NY2d 237, 239 [1989]), the Court of Appeals held unequivocally that said amendments constituted, “an ameliorative change which should be applied ‘retroactively’ to a defendant who had not been sentenced at the time of the amendment’s effective date”.[2] On appeal, therefore, the judgments convicting defendant of felonies would have been modified by reducing them to misdemeanors. (See, People v Behlog, 142 *343 AD2d 983 [4th Dept 1988], affd 74 NY2d 237, supra.) However, the erroneous failure to retroactively apply the statutory amendments is not a ground, in and of itself, for resentencing. (Cf., People v Main, 195 AD2d 1025 [4th Dept 1993] [defendant’s motion for resentence on other grounds effectively reopened the original proceeding and brought him within the subsequently rendered Behlog holding].) Consequently, due solely to defendant’s unjustified failure to pursue an appeal, it can be fairly said that the underlying judgments retained their validity as felony convictions despite this inherent defect. And defendant cannot dispute that the sentence he received was authorized, legal and not otherwise invalid for a felony conviction. Nor does the People’s filing of a predicate felony conviction statement — or their anticipated motion that defendant be sentenced as a second felony offender — mandate or entail reevaluation of the alleged predicate conviction, or invocation of the Behlog amelioration retroactivity doctrine where it would not otherwise apply. (People v Walker, 81 NY2d 661, 666-668 [1993] [defendant was convicted and sentenced prior to effective date of amendment].)
But for those defendants, like Mr. Wilson herein, who do fall within Behlog’s (supra) very narrow parameters — i.e., convicted under the preamendment definition and sentenced after the effective date of the amendment — one of the ineluctable ramifications of its prescript is that those felony convictions obtained in violation thereof cannot serve as predicates for enhanced punishment under article 70 of the Penal Law. (See, People v Bergos, 170 AD2d 611 [2d Dept 1991].) In Bergos, the defendant’s predicate conviction fell within the Behlog holding, but he did not object when he was adjudicated as a second felony offender based upon said judgment. Nevertheless, the Appellate Division, exercising its interest of justice jurisdiction, vacated and modified the enhanced sentence on precisely this ground. (Supra, at 612.)
Therefore, given the status and circumstances in which this matter comes before it, this court is powerless to effect any modification, nunc pro tunc, in the judgments which the People now allege as predicates for enhanced punishment despite that they are inherently defective. Yet, where just such a judgment had, in practice, been confirmed as a valid predicate, the Appellate Division did not hesitate to strike said determination though the issue had not been preserved for appeal. (People v *344 Bergos, supra.) The only logical conclusion to be drawn from this is that any felony conviction obtained in violation of the amelioration retroactivity doctrine is, by dint of the Behlog decision (supra), deemed modified by reduction to a misdemeanor. This court sees no reason why it should engage in the futile exercise of confirming as predicate felony convictions judgments which, on appeal, must be reduced to misdemeanors, in order to justify the imposition of an enhanced sentence which would, in all likelihood, be illegal in any event. Simply put, defendant’s alleged 1987 convictions for grand larceny in the third degree and criminal possession of stolen property in the second degree are not predicate felonies within the meaning of article 70 of the Penal Law. Accordingly, for all of the foregoing reasons, defendant’s motion to controvert the predicate felony conviction statement is granted. In light thereof, defendant’s motion to withdraw his plea of guilty to escape in the second degree is denied as moot.

. Although this sentence would seem to indicate that defendant had at least one other felony conviction as of 1987, the court has not been advised as to this aspect of his criminal history, or whether he would still be subject to sentence as a second felony offender regardless of the determination of the instant motions.

. The People contend that retroactive application of the statutory amendments would not help defendant, in any event, because the evidence admitted at his trial would have proven that the value of the property which he stole and possessed was greater than $1,000. However, in Behlog itself — with *343 which the instant matter is remarkably similar, factually — this argument was considered, and dismissed as meritless. (People v Behlog, supra, at 242.)