■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO SANTILLANA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 3, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The People clearly sustained their burden of proving the defendant's guilt beyond a reasonable doubt. The record reveals that the shooting death of the victim occurred during the course and in furtherance of a robbery being committed by the defendant and three companions. While it was suggested at the trial that the murder might have been prompted by a personal motive of one of the robbers, the evidence is overwhelmingly contrary to such a finding. Viewing the evidence in the light most favorable to the People *(see, e.g., People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133), we conclude that there was ample basis to sustain the verdict convicting the defendant of felony murder *(see,* Penal Law § 125.25 [3]; *People v Contes,* 60 NY2d 620).

We further reject the defendant's contention that he was denied the effective assistance of counsel. The record indicates that defense counsel represented his client with both vigor and competence. The mere fact that the defense proved unsuccessful cannot be equated with ineffective assistance of counsel. Under the totality of the circumstances presented in this record, we cannot conclude that the defendant was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Dudley,* 110 AD2d 652). Additionally, we find the sentence imposed to be well within both statutory and discretionary bounds and neither harsh nor excessive in light of the instant offenses *(see, People v Farrar,* 52 NY2d 302; *People v*

*Flores,* 101 AD2d 657; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Lazer, Eiber and Kunzeman, JJ., concur.