■ The People of the State of New York, Respondent, v Roosevelt Hill, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Jaspan, J.), both rendered September 14, 1981, convicting him of criminal possession of a weapon in the third degree under indictment No. 919/81, and criminal sale of a controlled substance in the third degree (three counts) under indictment No. 382/81, upon jury verdicts, and imposing sentences.

Judgments affirmed.

We reject the defendant's contention that he was denied the

effective assistance of counsel at each of the two separate trials held on the aforementioned indictments. While it appears that his trial counsel failed to request a *Mapp* hearing prior to the first of these trials, such an omission does not, standing alone, constitute ineffective assistance of counsel *(see, People v Wagner,* 104 AD2d 457; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *People v Shannon,* 92 AD2d 554; *People v Bonk,* 83 AD2d 695). Moreover, the record reveals that the remaining alleged errors by counsel were, in reality, reasonable exercises of trial strategy and judgment which should not be confused with ineffective assistance *(see, e.g., People v Jackson,* 52 NY2d 1027).

Under the circumstances, including defense counsel's searching cross-examination of the police officers, his cogent argument resulting in the dismissal of one narcotics charge, and his general vigor and competence in defending his client, we are satisfied that the defendant received meaningful legal representation at both of his trials *(see, People v Baldi,* 54 NY2d 137; *People v Santillana,* 118 AD2d 669; *People v Dudley,* 110 AD2d 652). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.