■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK KEITH HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 12, 1984, convicting him of robbery in the first degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress the lineup and in-court identifi-

cation testimony of the two complainants. While the record reveals that one of the complainants viewed a group of photographs in which the defendant's picture was the only one lacking an additional profile pose, the complainant testified that her prompt identification of the defendant's photo stemmed solely from an immediate recognition of her assailant's features and that she neither noticed nor remembered that the picture lacked a profile pose. Similarly, the detective who exhibited the photographs stated that the complainant made the identification even before he could finish arranging the photographs in front of her. It is well settled that the hearing court's determination is to be accorded great deference and will not be overturned lightly (see, People v Norris, 122 AD2d 82, lv denied 68 NY2d 916; People v Putland, 105 AD2d 199). In view of the foregoing evidence, we conclude that there is strong support for the court's finding that the absence of a profile pose "didn't even enter the mind of the witness", that the photographic identification was not the result of an unduly suggestive procedure, and that it did not taint the subsequent lineup and in-court identification by this witness. Likewise, the lineup viewed by both of the complainants approximately two months after viewing the array contained stand-ins who were similar to the defendant in build, complexion, hairstyle and attire; thus, we discern no error in the court's determination that the latter procedure was nonsuggestive (see, e.g., People v Norris, supra; People v Gairy, 116 AD2d 733, lv denied 67 NY2d 942).

We reject the defendant's claim that the trial court erred in accepting his waiver of the right to a jury trial. The record reveals that the defendant executed the written waiver form only after consulting with counsel and being informed of the nature and consequences of his waiver by the court, and he repeatedly indicated that he understood his options and wished to have a bench trial. On the following day, the court asked the defendant if he still wished to proceed without a jury, to which the defendant again replied in the affirmative. Therefore, the record compels the conclusion that his waiver was voluntarily and intelligently made (see generally, People v Davis, 49 NY2d 114; People v Logue, 115 AD2d 285, lv denied 67 NY2d 886). We further find unconvincing the defendant's claim that he was prejudiced by the bench trial because the trial court conducted a Sandoval hearing (see, People v Sandoval, 34 NY2d 371), and thus was aware of and influenced by his criminal background. A Trial Judge is presumed to have considered only the legally competent evidence adduced at the

trial and to have excluded inadmissible evidence from his deliberations and verdict (see, People v Brown, 24 NY2d 168; People v McKinley, 124 AD2d 752; People v Lombardi, 76 AD2d 891). The record does not indicate any bias or impropriety on the part of the Trial Judge, but instead demonstrates that the Judge manifested a conscious intention to disregard the defendant's prior crimes by sustaining an objection to a question by the prosecutor which was violative of the Sandoval ruling.

Furthermore, contrary to the defendant's contention, the prosecutor's questioning of the defendant's alibi witnesses concerning their failure to inform the police of the alibi subsequent to the defendant's arrest was not error. While this issue has not been preserved for appellate review (see, People v Mandel, 48 NY2d 952, cert denied 446 US 949, reh denied 448 US 908), we find, in any event, that the questioning was proper, as an adequate foundation was laid by the prosecutor and there was no implication that the witnesses were under a duty to come forward with exculpatory information (see, People v Dawson, 50 NY2d 311).

The defendant's claim that his guilt was not proven beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution, we find the proof sufficient as a matter of law to support the defendant's conviction of robbery in the first degree. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Insofar as the defendant's argument focuses upon alleged inconsistencies in the testimony of the prosecution witnesses, we note that these purported discrepancies do not render the challenged testimony manifestly perjurious or incredible as a matter of law. The question of credibility was properly presented to the trier of fact, and we perceive no basis for disturbing its resolution of this issue (see, e.g., People v Russo, 118 AD2d 740, lv denied 67 NY2d 1056; People v Reyes, 118 AD2d 666, lv denied 67 NY2d 1056; see generally, People v Bigelow, 106 AD2d 448). Additionally, because the evidence supports the defendant's conviction, appellate consideration of his present challenges to the Grand Jury proceedings is foreclosed (see, CPL 210.30 [6]; People v Lang, 122 AD2d 226, lv denied 68 NY2d 1001; People v Shapiro, 117 AD2d 688, lv denied 67 NY2d 950; People v McGrath, 115 AD2d 128, lv denied 67 NY2d 654).

Similarly unavailing is the defendant's claim that he was

deprived of his right to the effective assistance of counsel. The evidence establishes that defense counsel sought and effectively conducted pretrial hearings, engaged in searching cross-examination, put forth cogent legal arguments, and presented a well-structured alibi defense. Throughout the proceedings, counsel demonstrated vigor and competence in defending his client; hence, we cannot conclude that the defendant was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Hill,* 122 AD2d 810, *lv denied* 68 NY2d 914; *People v Santillana,* 118 AD2d 669, *lv denied* 67 NY2d 950).

We have considered the defendant's numerous remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.