■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DAVIS, Also Known as DAVID LAMAR WATSON, Also Known as TONY BERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered January 24, 1986, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he did not receive the effective assistance of counsel is based on his attorney's withdrawal of a *Mapp* suppression motion. However, the facts presented revealed that the defendant had discarded his weapon and no search had occurred. Counsel's withdrawal of that motion upon such disclosure was consistent with accepted standards of meaningful criminal defense representation considering the evidence, the law and the particular circumstances *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Wagner,* 104 AD2d 457).

Counsel appropriately concluded that the police acted properly in arresting the defendant, based upon the radio call for police assistance, the defendant's presence at the scene, his flight as the arresting officers arrived, the pursuit of the defendant, and the discarding of the weapon during the chase (*see, People v Leung,* 68 NY2d 734; *People v De Bour,* 40 NY2d 210).

Furthermore, defense counsel's performance of his duties regarding pretrial suppression procedures, extensive cross-examination of prosecution witnesses and his objections to improper offers of evidence met the standard of meaningful representation (*see, People v Brown,* 124 AD2d 667, *lv denied* 69 NY2d 825; *People v Hill,* 122 AD2d 810, *lv denied* 68 NY2d 914).

Finally, it was not improper for the trial court to sentence the defendant to consecutive terms considering his prior criminal history (CPL 470.15 [3]; *People v Farrar,* 52 NY2d 302; *People v Smith,* 99 AD2d 472). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.