■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL HINTON, Appellant.

The defendant's primary contention on appeal is that he was denied the effective assistance of counsel. Although the defense counsel's opening remarks opened the door for the People to elicit testimony as to the complainant's prior photographic identification of the defendant, we find that under the circumstances of this case the defense counsel's reference to the photographic array "was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel" *(see, People v Jackson,* 52 NY2d 1027, 1029; *see also, People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803). In addition, we reject the defendant's contention that trial counsel incompetently presented the alibi defense. The mere fact that the defense was unsuccessful does not establish that the defendant was deprived of effective assistance of counsel *(People v Santillana,* 118 AD2d 669, *lv denied* 67 NY2d 950), and it is "not for [the] court to second-guess whether a course chosen by the defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800). Upon our review of the record we are satisfied that the defense counsel provided meaningful representation to the defendant *(see, People v Baldi,* 54 NY2d 137).

Moreover, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.