OPINION OF THE COURT
Herbert Kramer, J.
Defendant moves to vacate his conviction for felony murder and criminal possession of a weapon pursuant to CPL article 440. The basis for the defendant’s motion is that he was *568 denied effective assistance of counsel at trial, and that the admission of his codefendant’s confession implicating defendant denied him his right to confront the witness against him at trial, compelling vacatur under Cruz v New York (481 US 186 [1987]).
FACTS
Defendant was convicted, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the second degree. On March 2, 1982, defendant was sentenced to concurrent indeterminate prison terms of 20 years to life and 5 to 15 years, respectively. (Kooper, J., at trial and sentence.)
The judgment was affirmed in the Appellate Division, Second Department, on March 10, 1986 (People v Santillana, 118 AD2d 669). The defendant’s application for leave to appeal to the Court of Appeals was denied on April 21, 1986 (supra, 67 NY2d 950).
Defendant contends he was denied effective assistance of counsel. Several of the claims he makes in outlining this contention were raised by defendant on his direct appeal and have already been decided. This court is precluded from dealing with these issues. (CPL 440.10 [2]; see, People v Santillana, 118 AD2d 669 [2d Dept 1986], Iv denied 67 NY2d 950 [1986], supra.)
There are also several claims that defendant did not raise on his direct appeal that he now raises in this motion. However, sufficient facts appear on the record such that he could have raised these issues on direct appeal, and failed to do so. These claims are therefore barred pursuant to CPL 440.10 (2) (c).
Defendant also contends that the admission of his codefendant’s confession denied him his right to confront the witness against him at trial, compelling vacatur under Cruz v New York (supra) and Bruton v United States (391 US 123).*
The defendant contends that the Bruton/Cruz rule (prohibiting the introduction in a joint trial, of a nontestifying codefendant’s confession facially incriminating defendant, even if the jury is instructed to consider that confession only against the codefendant) is applicable to nonjury trials such as this one.
*569 The history of this rule proves otherwise. The Bruton rule is a procedural modification of the previous rule, but even prior to its advent, Judges were required to instruct juries not to consider the confession of a nontestifying codefendant which facially incriminated a defendant, when evaluating the defendant’s guilt or innocence. The purpose of Bruton (supra) was to eliminate the risk that a defendant would be convicted because of a jury’s natural tendency to conclude that he is guilty due to the incriminating extrajudicial statements of a codefendant who stood accused with defendant in a joint trial.
In Parker v Randolph (442 US 62), the court clarified Bruton (supra), ruling that a trial was not tainted, if a nontestifying codefendant’s confession which facially implicated a defendant, was admitted at trial where defendant’s own confession substantially interlocked with the codefendant’s. However, even in such cases, the Judge was still required to instruct the jury to consider each defendant’s confession only as to that defendant. Cruz (supra) reversed Parker eliminating the exception for interlocking confessions. It must be noted that each successive standard required that triers of fact not apply the confessions of nontestifying codefendants to other defendants. However, while there is concern that a jury will ignore, or be unable to follow limiting instructions and thus use evidence improperly; this concern does not arise in a bench trial. A Judge when acting as trier of fact is capable in a way that a jury is not, of considering only admissible evidence, despite awareness of other facts which cannot properly be relied upon. "A Judge, who during pretrial adjudication acquires information inadmissible before the fact finder of guilt or innocence, is not legally disqualified from conducting a bench trial” (People v Moreno, 70 NY2d 403, 404). "A Judge — unlike a jury — by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and making an objective determination” despite awareness of facts which cannot properly be relied upon in making the decision. (People v Brown, 24 NY2d 168, 172 [1969].) "A Trial Judge is presumed to have considered only the legally competent evidence adduced at the trial and to have excluded inadmissible evidence from his deliberations and verdict”. (People v Harris, 133 AD2d 649, 650-651 [2d Dept 1987]; cf., People v Amato, 99 AD2d 495, 497 [1984]; People v Jenkins, 115 AD2d 562, 563 [1985]; People v Cardona, 56 AD2d 759 [1977]; People v Falu, 138 AD2d 510 [1988].)
A Judge is presumptively able to ignore inadmissible evi *570 dence and to limit admissible evidence to its proper uses. In Moreno (supra, at 403) the Court of Appeals held that when a Judge in a bench trial makes a pretrial Sandoval ruling, the Judge is not thereby required to recuse him or herself from sitting as a trier of fact on the issue of guilt or innocence. Similarly a Judge can properly preside at a pretrial hearing and be aware of inadmissible evidence and yet still preside at the defendant’s bench trial. It cannot be improper for a Judge to preside at a trial wherein statements of a codefendant are admitted, because it must be assumed that the Judge would not consider those statements improperly against the defendant. Thus the court holds that the rule set forth in Cruz (supra) has no application to bench trials, and defendant’s motion must be denied.
Even if this rule were to be applied, the only relevant questions on this issue are ones that could have arisen even before Cruz (supra). (1) Did the Judge consider evidence against the defendant that was inadmissible, as to that defendant? (2) If so, the court must then ask if this error was significant or harmless. Since sufficient facts appear on the record such that these issues could have been raised on direct appeal, there would still be a question as to whether Cruz raises any new issues that have not already been barred pursuant to CPL 440.10 (2) (c). Even if this was found to be so, the dispositive standard would be the one articulated in United States v Bagley (473 US 667). Constitutional error occurs only if material in the sense that " 'there is a reasonable probability that * * * the result of the proceeding would have been different.’ ” (Supra, at 682.)
An examination of the evidence indicates that Santillana’s confession, placing him at the scene of the crime as an accomplice; together with testimony of the witnesses called by the prosecution, which establishes that the murder occurred in furtherance of and/or in flight from a felony, are sufficient to convict the defendant without the use of the codefendant’s confession. The Judge in rendering her verdict found the evidence to be "overwhelming”. Thus using the standard articulated in Bagley (supra), it is clear that even if there was error such error was harmless. Thus, even if Cruz (supra) were applicable, defendant’s motion would still have to be denied.

 The court must consider this question because the Cruz decision (Cruz v New York, 481 US 186) was subsequent to the decision of the Appellate Division in the instant case and could not have been raised on appeal.