THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NATHANIEL COLLINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of raping and sexually abusing his infant daughter in violation of Penal Law § 130.35 (1), (3); § 130.65 (1), (3). On appeal, he contends that the unsworn testimony of the victim was not sufficiently corroborated to support the convictions. We disagree.

Corroborative evidence is legally sufficient "if the unsworn victim's testimony is corroborated by evidence tending to establish the crime and connecting defendant with its commission" (People v Groff, 71 NY2d 101, 104). Here, there was independent evidence which tended to establish that the victim was raped and sexually abused. Two physicians who examined the victim made physical findings consistent with the commission of the crimes. The medical testimony demonstrated that she had an attenuated hymen, a widened vaginal opening and intravaginal scarring. Additionally, the record includes testimony that when the victim was awakened from sleep while at the home of a friend, she was hysterical and cried out "where do you want me to touch you?"

The corroborative evidence tending to establish that defendant committed the crimes was also legally sufficient. It is first noted that defendant was entrusted with the care of the children while their mother worked outside of the home and thus he had the opportunity to commit the crimes at the times alleged. There was also independent testimony that defendant's response to an accusation that he "raped" the child was to inquire why reports of rape were not made "years ago". When that response was made, the dates of the crimes had not been mentioned, but there was evidence that the events had, in fact, occurred a few years prior to the accusation. The corroborative evidence sufficiently "harmonizes" with the child's unsworn testimony to furnish the necessary connection between defendant and the crimes (see, People v Groff, supra, at 110-111; People v Smith, 55 NY2d 945, 946).

Finally, defendant contends that the court, in its instructions to the jury, unduly emphasized his failure to testify. No exception was taken to the court's charge in this respect and thus the issue has not been preserved for appellate review (CPL 470.05 [2]). Since the language used by the court in its charge did not expressly or unambiguously convey to the jury that the defendant should have testified, the exception to the preservation requirement need not be invoked (People v Autry, 75 NY2d 836, 839). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.