Edwardo REYES, Petitioner–Appellant,

v.

John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.

No. 1262, Docket 95–2650.

United States Court of Appeals, Second Circuit.

Argued May 29, 1997.

Decided July 24, 1997.

Michael Lipson, Garden City, NY, for Petitioner–Appellant.

Andrew C. Tsunis, Assistant Attorney General, New York City, (Dennis C. Vacco,

Attorney General, Barbara G. Billet, Solicitor General, Thomas D. Hughes, Assistant Solicitor General, Robert A. Forte, Assistant Attorney General, New York City, of counsel), for Respondent–Appellee.

Before: VAN GRAAFEILAND, MINER and CABRANES, Circuit Judges.

MINER, Circuit Judge:

Petitioner-appellant Edwardo Reyes appeals from a judgment entered in the United States District Court for the Southern District of New York (Cote, J.) dismissing his petition for a writ of habeas corpus, the court having found, *inter alia*, that Reyes had procedurally defaulted on his claim that the "reasonable doubt" jury instruction in his state trial was constitutionally defective. We previously granted Reyes a certificate of appealability limited to his claim concerning the jury instruction and whether that claim was forfeited by reason of procedural default. We now conclude that Reyes cannot escape the procedural bar and therefore affirm.

## BACKGROUND

On September 28, 1984, at 145th Street and Riverside Drive, New York City, Reyes and his co-defendants sold one kilogram of cocaine to an undercover detective of the Drug Enforcement Administration Task Force (the "Task Force"). The sale followed a series of meetings between Reyes and the undercover detective, as well as telephone negotiations between Reyes and a confidential informant. At trial, the State's witnesses included the undercover detective, police officers, the confidential informant, and a chemist. Reyes did not testify.

According to testimony given at trial, the undercover detective received from Reyes a black shopping bag containing 17 ounces of cocaine, which Reyes had obtained from two co-defendants, and a tan shopping bag containing 17.9 ounces of cocaine, which Reyes had obtained from a third co-defendant. After the detective had completed the transaction, members of the Task Force converged on the participants and arrested Reyes and three others, including two of Reyes's co-defendants.

In 1985, Reyes was convicted in the Supreme Court, New York County, after a jury trial, of criminal sale of a controlled substance in the first degree, in violation of New York Penal Law § 220.43(1). Reyes was sentenced to a term of imprisonment of 15 years to life, to run concurrently with a term of imprisonment of 8–and–one–third to 25 years on an unrelated conviction for attempted murder. Reyes appealed to the Appellate Division, First Department, arguing, among other things, that the reasonable doubt jury instruction was constitutionally defective. In response, the State contended both that the jury charge claim was procedurally barred by Reyes's failure to object at trial and that the jury charge was not defective. The Appellate Division affirmed the judgment of conviction without opinion. *People v. Reyes,* 145 A.D.2d 1001, 535 N.Y.S.2d 509 (1st Dep't 1988). The Court of Appeals denied leave to appeal. *People v. Reyes,* 74 N.Y.2d 851, 546 N.Y.S.2d 1016, 546 N.E.2d 199 (1989).

On July 13, 1994, Reyes filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Reyes claimed that (1) the jury charge was constitutionally defective because it misstated the reasonable doubt standard, (2) the prosecution failed adequately to establish the chain of custody for the seized cocaine, and (3) the trial judge made improper comments about Reyes's attorney and improperly limited cross-examination of one witness. With respect to the jury charge claim, Reyes alleged error in three particular instructions explaining "reasonable doubt": (1) "it's not even a feeling that a defendant may be guilty"; (2) "[i]t is, in effect, a doubt for which you can give a rational reason"; and (3) "[i]t is not a requirement of proof beyond a reasonable doubt". (J.A. 45.)

Reyes's petition was referred to Magistrate Judge Sharon E. Grubin, who issued a Report and Recommendation (the "Report") on May 26, 1995. The Report recommended dismissal of the petition with prejudice, the magistrate judge having determined that Reyes had procedurally defaulted on his challenge to the jury instruction, and that his other claims were meritless. On August 24,

1995, the district court entered a judgment adopting the Report in its entirety and dismissing the petition with prejudice. The district court also declined to issue a certificate of probable cause, pursuant to 28 U.S.C. § 2253 (1994), reasoning that "the petition presents no question of substance for appellate review." (J.A. 7–8.) The district court further concluded, pursuant to 28 U.S.C. § 1915(a), "that any appeal would be frivolous and not taken in good faith." (J.A. 8.)

Reyes appealed to this Court on September 11, 1995. We initially dismissed the appeal for failure either to pay the filing fee or to move for leave to proceed on appeal *in forma pauperis*. Then, by opinion dated July 29, 1996, we granted Reyes's request to reinstate his appeal and to proceed *in forma pauperis*, and granted a certificate of appealability, pursuant to 28 U.S.C. § 2253 (as amended), "limited to the claim concerning the reasonable doubt instruction." *Reyes v. Keane*, 90 F.3d 676, 681 (2d Cir.1996). We further noted that "[w]hether th[at] claim has been forfeited by lack of objection of defense counsel is also a substantial issue, since, if the reasonable doubt instruction was defective, counsel's failure to object might constitute ineffective assistance of counsel sufficient to establish 'cause' within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977)." *Id.* This appeal followed.

### DISCUSSION

■ Reyes argues that the district court erred in refusing to grant his petition because the trial court's reasonable doubt jury instruction was constitutionally defective. The State of New York contends that we should reject Reyes's claim as procedurally barred. Reviewing *de novo* the district court's denial of Reyes's petition, *see Chalmers v. Mitchell*, 73 F.3d 1262, 1266 (2d Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 106, 136 L.Ed.2d 60 (1996), we adopt the position taken by the State.

■ A state prisoner who fails to object to a jury instruction in accordance with state procedural rules procedurally forfeits that argument on federal habeas review. *See Roman v. Abrams*, 822 F.2d 214, 222 (2d Cir.

1987). Under New York law, a defendant must object to an alleged error in a jury instruction before the trial court in order to preserve the issue for appeal. *See* N.Y.Crim. Proc. Law § 470.05(2) (McKinney 1994). A federal habeas petitioner may avoid this default by showing cause for the default and prejudice, or that failure to consider the claim will result in a miscarriage of justice, *see Coleman v. Thompson*, 501 U.S. 722, 748, 111 S.Ct. 2546, 2563, 115 L.Ed.2d 640 (1991), which means that the "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *see Schlup v. Delo*, 513 U.S. 298, 320, 115 S.Ct. 851, 864, 130 L.Ed.2d 808 (1995).

■ The principle barring habeas review of procedurally forfeited claims is "relaxed when the state courts themselves have disregarded the default and decided the constitutional claim on the merits." *Roman*, 822 F.2d at 222. However, where, as in the present case, a claim is not raised in the trial court and a procedural bar is among the grounds argued by the State on direct appeal, we construe an affirmance without opinion as resting on the procedural ground where "[t]here is no 'good reason' to believe that the Appellate Division's silence reflects a decision on the merits." *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993); *see Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559.

The district court never reached the merits of Reyes's jury charge claim, having adopted the Report's determination that Reyes procedurally defaulted on his jury instruction claim by failing to object at trial. The Report concluded that, because Reyes failed to demonstrate good cause for his failure to object and prejudice from the instruction, he had defaulted on that claim.

■ There is no doubt or dispute that Reyes procedurally defaulted by not raising his jury instruction claim before the state trial court. Reyes makes no real attempt to show a miscarriage of justice. Rather, Reyes attempts to show cause for his default and prejudice as a result of the faulty jury instruction. Reyes argues that he satisfies

the cause requirement because his counsel rendered ineffective assistance by failing to object to the reasonable doubt charge. "Ineffective assistance of counsel ... is cause for a procedural default." *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645; *see Coleman*, 501 U.S. at 753–54, 111 S.Ct. at 2566–67. However, Reyes failed to raise this ineffective assistance claim in state court.

We have not yet had occasion to determine whether an ineffective assistance claim brought as cause for a procedural default must itself first have been brought in state court. However, with respect to the requirement that state remedies be exhausted, the Supreme Court has stated:

> [W]e think that the exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.... [I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, *and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.*

*Murray*, 477 U.S. at 488–89, 106 S.Ct. at 2645–46 (citations and internal quotations omitted; emphasis added).

Reyes argues that *Murray* is inapplicable to this case because he effectively has exhausted his state remedies for the ineffective assistance claim by procedurally defaulting on that claim in the state court. This argument was not made before the district court.

We agree that Reyes's claim should be deemed exhausted because any attempt at exhaustion in the face of this procedural default would be futile.

■ "For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989)). While New York provides a mechanism for collaterally attacking a judgment that is in violation of constitutional rights, *see* N.Y.Crim. Proc. Law § 440.10(1)(h) (McKinney 1994), any attempt by Reyes to bring such a motion would be futile. Section 440.10(2)(c) of New York's Criminal Procedure Law mandates that the state court deny any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record. *See Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) (refusing to conduct federal habeas review where New York's appellate court found claim to be procedurally barred under § 440.10(2)(c)); *People v. Santillana*, 145 Misc.2d 567, 547 N.Y.S.2d 981, 982 (Sup.Ct. 1989) (barring claims pursuant to § 440.10(2)(c) that were not raised on direct appeal despite sufficient facts in record to allow defendant to do so). Denial of a 440.10 motion, pursuant to 440.10(2)(c), will not always be appropriate in the ineffective assistance context. However, Reyes's claim does not fall within any of the exceptions noted by the New York courts. *See, e.g., People v. Harris*, 109 A.D.2d 351, 491 N.Y.S.2d 678, 687 (trial record insufficient to resolve ineffective assistance claim), *appeal denied*, 66 N.Y.2d 919, 498 N.Y.S.2d 1034, 489 N.E.2d 779 (1985). Reyes is therefore deemed to have exhausted his state remedies for the ineffective assistance claim by his procedural default on that issue.

■ Although Reyes's claim of ineffective assistance is deemed exhausted, we nonetheless find that, by defaulting on that claim in state court, Reyes forfeits that claim on federal habeas review, even though the claim is

brought as cause for another procedural default. As the Supreme Court stated in *Coleman,* a claim is procedurally defaulted for the purposes of federal habeas review where "the petitioner failed to exhaust state remedies *and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.*" 501 U.S. at 735, 111 S.Ct. at 2557 n. * (emphasis added); *see Gray v. Netherland,* —— U.S. ——, ——, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996) ("the procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim"). Reyes's "unjustifiable failure" to raise the ineffective assistance of counsel claim on direct appeal, N.Y.Crim. Proc. Law § 440.10(2)(c), while causing us to conclude that that claim is effectively exhausted, also leads us to conclude that the same claim is barred from habeas review because Reyes cannot show cause for his failure to raise the claim at the state level.

 *Murray* refused to except from the doctrine of exhaustion a claim brought as cause for a procedural default. *See* 477 U.S. at 488–89, 106 S.Ct. at 2645–46. We think the Supreme Court's rationale, grounded in the principle of comity, equally compels the conclusion that a claim of cause for procedural default is not itself excepted from the doctrine of procedural default. Thus, a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred. *See Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir.1995) ("Because [petitioner] did not give the [state] courts an opportunity to consider whether his lawyers were incompetent for failing on direct review to present the federal juror misconduct claim, that assertion is now barred. Therefore, he cannot establish cause sufficient to overcome his procedural default of the misconduct issue."), *cert. denied,* —— U.S. ——, 116 S.Ct. 1578, 134 L.Ed.2d 676 (1996); *Oxford v. Delo,* 59 F.3d 741, 747 (8th Cir.1995) ("performance of trial counsel is irrelevant to the cause inquiry where the petitioner fails to raise the ineffective assistance of trial counsel claim in state

court proceedings"), *cert. denied,* —— U.S. ——, 116 S.Ct. 1361, 134 L.Ed.2d 528 (1996).

At oral argument, Reyes conceded that no ineffective assistance claim ever had been raised in state court. That being the case, Reyes may not bring that claim in federal court, even if it is brought to show cause for his default on his jury instruction claims. Therefore, because Reyes has procedurally defaulted on his reasonable doubt jury instruction claims and is precluded from his argument of cause for that default, we need reach no other questions to conclude that his petition was properly dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.