Nathaniel COLLINS, Petitioner,

v.

Victor T. HERBERT, Respondent.

No. 95–CV–267H.

United States District Court, W.D. New York.

Dec. 11, 1997.

Nathaniel Collins, Sonyea, NY, pro se.

Thomas H. Brandt, Matthew J. Murphy, III, District Atty's Office, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all further proceedings in this petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons that follow, the petition is denied.

## BACKGROUND

As set forth in this court's decision and order dated January 7, 1997, petitioner was convicted on November 29, 1989 in Niagara County Court. The jury found him guilty on four counts of rape in the first degree and four counts of sexual abuse in the first degree. Petitioner was represented at trial by Assistant Niagara County Public Defender Joseph L. Arbour, Esq. Judgment of conviction was entered by Hon. Charles J. Hannigan on January 11, 1990 and petitioner was sentenced to a maximum term of 15 years and a minimum term of 5 years on the rape charges, to run concurrently with his sentence of 2⅓ to 7 years on the sexual abuse charges (*see* Item 1; Item 19, App. C, pp. 1–2).

1. N.Y.C.P.L. § 440.10 provides, in pertinent part:
   1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:

Notice of appeal was timely filed, and the Public Defender was assigned to represent petitioner on his appeal. Petitioner asserted the following grounds for appeal:

1. The unsworn testimony of the victim (petitioner's minor daughter) was not sufficiently corroborated to support the convictions; and,

2. The trial court, in its instructions to the jury, unduly emphasized petitioner's failure to testify on his own behalf.

(Appellant's Brief, Item 10, App. B). On February 1, 1991, the Appellate Division, Fourth Department unanimously affirmed the judgment of conviction, specifically rejecting each of these arguments. *People v. Collins,* 170 A.D.2d 1006, 566 N.Y.S.2d 161 (4th Dept.1991). On May 16, 1991, the New York Court of Appeals denied petitioner's request for leave to appeal the Fourth Department's decision. *People v. Collins,* 77 N.Y.2d 993, 571 N.Y.S.2d 919, 575 N.E.2d 405 (1991).

By notice dated March 8, 1994, petitioner filed a motion pursuant to N.Y.C.P.L. § 440[1] to vacate the judgment of conviction (Item 10, App. G). In support of this motion, petitioner argued that Judge Hannigan's instructions to the jury on the requisite standard of proof resulted in a violation of petitioner's sixth amendment right to be found guilty beyond a reasonable doubt (Aff. of Daniel P. Grasso, Esq., Item 10, App. G). In a decision and order dated May 4, 1994, Judge Hannigan denied petitioner's motion, stating as follows:

The Defendant, on this 440 Motion, complains of the charge to the jury. This case has been heard on direct appeal. The conviction was affirmed. The application for leave to appeal further was denied.... The Defendant was given a fair and full opportunity to raise any issues on direct appeal. Full and fair review is the rule; no [sic] endless review.

\* \* \* \* \* \*

(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

(Item 10, App. H). Petitioner did not appeal the denial of his § 440 motion.

The habeas corpus petition in this case was filed on April 4, 1995. Petitioner asserted the following grounds for habeas corpus relief:

1. Denial of effective assistance of appellate counsel for failure to raise the propriety of Judge Hannigan's jury charge on the "reasonable doubt" standard as an issue on direct appeal;

2. Denial of a fair trial as a result of insufficient corroboration of the victim's unsworn testimony;

3. Denial of a fair trial as a result of Judge Hannigan's jury instruction which unduly emphasized petitioner's failure to testify in his defense; and,

4. Denial of effective assistance of trial counsel for failure to object to the jury charge on petitioner's failure to testify.

(Item 1).

On June 30, 1995, respondent filed an answer to the petition, asserting that petitioner's failure to appeal the denial of his § 440 motion resulted in a failure to exhaust his state remedies with respect to his claim that the trial court's "reasonable doubt" charge was improper (Item 5). By order dated January 22, 1996 (Item 6), Hon. William M. Skretny directed petitioner to demonstrate exhaustion of his claim concerning the propriety of the state trial court's jury charge on "reasonable doubt," or to file an amended petition withdrawing the unexhausted claim, in accordance with *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and *Rock v. Coombe*, 694 F.2d 908 (2d Cir. 1982). Petitioner was further advised that his failure to comply with the court's directions on or before February 28, 1996 would result in the dismissal of his petition as a "mixed" petition pursuant to 28 U.S.C. § 2254(b) and (c).

By order dated March 22, 1996, this court found that petitioner had sufficiently demonstrated exhaustion of the "reasonable doubt" claim for the purposes of this habeas corpus

petition, and directed respondent to submit a memorandum of law setting forth the legal authority relied upon in answering the petition (Item 9). On June 28, 1996, respondent filed a memorandum of law, in accordance with the court's direction (Item 10).

On January 7, 1997, this court issued a decision and order finding that petitioner had failed to exhaust his claim that he was denied effective assistance based on his appellate counsel's failure to challenge the propriety of the trial judge's jury instruction on the "reasonable doubt" standard. The court therefore dismissed the petition without prejudice, leaving petitioner with the option of either (1) refiling the petition with the unexhausted claim deleted, or (2) returning to state court and attempting to exhaust his claim for ineffective assistance of appellate counsel through a writ of error *coram nobis* and thereafter filing a new habeas corpus petition with this court if the state court denies him relief (Item 11).

On April 17, 1997, plaintiff filed a "Memorandum of Law" in which he asserted that his trial counsel rendered constitutionally ineffective assistance for the following reasons:

1. Failure to object to the trial court's admission of the unsworn testimony of the ten-year-old victim;

2. Failure to object to several discrepancies in the victim's testimony;

3. Failure to object to the testimony of prosecution witnesses Alan Brooks and Mary Collins; and,

4. Failure to conduct a proper pretrial investigation of the factual basis for the charges.

(Item 14).

### DISCUSSION

As stated in this court's January 7, 1997 decision and order, a federal court may not review the merits of a petition for a writ of habeas corpus unless the petitioner has exhausted all the remedies available in the state courts. 28 U.S.C. § 2254(b), (c);[2] *Pi-*

---

**2.** Prior to amendment on April 24, 1996 by the

Antiterrorism and Effective Death Penalty Act

*card v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991). After finding that petitioner had failed to his claim of ineffective assistance of appellate counsel, this court relied on the rule of "total exhaustion" established by the Supreme Court in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and dismissed the petition without prejudice to enable petitioner to choose between raising the claim in state court or refiling the petition containing only exhausted claims.

Petitioner chose neither option. Instead, he filed a "Memorandum of Law" in which he asserted for the first time several additional factual grounds for his "ineffective assistance of trial counsel" claim. None of these grounds were raised by petitioner in his direct appeal or in his § 440 motion in state court.

■ In order to have fully exhausted his claim of ineffective assistance of trial counsel for federal habeas corpus purposes, petitioner must have presented each factual contention comprising the basis for that claim to the state courts "so that they, after determining what occurred, will have had the opportunity to pass on the claims. To have raised only certain of the alleged instances of ineffective assistance to the state courts does not satisfy the exhaustion requirements of 28 U.S.C. § 2254(b)." *Minor v. Henderson,* 754 F.Supp. 1010, 1020 (S.D.N.Y.1991) (citing cases); see also *Rodriguez v. Hoke,* 928 F.2d 534, 538 (2d Cir.1991) (since ineffective assistance claim can turn on the cumulative effect of all of counsel's actions, all allegations of ineffective assistance should be reviewed together); *Walker v. Miller,* 959 F.Supp. 638, 643–44 (S.D.N.Y.1997).

(b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts

■ Therefore, since none of the factual grounds for petitioner's claim of ineffective assistance of trial counsel were presented to the state courts, including the ground raised in the original habeas corpus petition here (*i.e.,* that trial counsel failed to object to the jury charge on the right to remain silent), that claim remains unexhausted. As explained by the Second Circuit in *Reyes v. Keane,* 118 F.3d 136 (2d Cir.1997), where " 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . ,' " *id.* at 140 (quoting *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)), the federal court must dismiss the petition unless the petitioner can demonstrate cause for his failure to raise the claim at the state level. *See also Gray v. Netherland,* 518 U.S. 152, 160, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457, 470 (1996) ("the procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim"). Cause cannot be demonstrated by asserting a claim for ineffective assistance that itself is procedurally barred. *Reyes v. Keane, supra* (citing *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir.1995), *cert. denied,* 517 U.S. 1172, 116 S.Ct. 1578, 134 L.Ed.2d 676 (1996); *Oxford v. Delo,* 59 F.3d 741, 747 (8th Cir.1995), *cert. denied,* 517 U.S. 1124, 116 S.Ct. 1361, 134 L.Ed.2d 528 (1996)).

As noted in *Reyes v. Keane,* any attempt by petitioner to exhaust his ineffective assistance of trial counsel claim would be futile. New York Criminal Procedure Law § 440.10 provides as follows:

of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Since this petition predates the enactment of the AEDPA, it is to be analyzed under pre-AEDPA habeas corpus rules. See *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (June 23, 1997); *Rodriguez v. Hanslmaier,* 982 F.Supp. 279, 287–88 (S.D.N.Y.,1997).

1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:

\* \* \* \* \* \*

(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

\* \* \* \* \* \*

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him. . . .

There is nothing in the record presented to this court to suggest that the trial record was insufficient to permit adequate state court appellate review of the grounds now raised by petitioner in support of his ineffective assistance of trial counsel claim. As in *Reyes v. Keane*, petitioner's "unjustifiable failure" to raise the ineffective assistance of counsel claim on direct appeal, while leading to the conclusion that the claim is "effectively exhausted," also leads to the conclusion "that the same claim is barred from habeas review because [petitioner] cannot show cause for his failure to raise the claim at the state level." *Reyes v. Keane, supra.*

The same result applies to the remaining claims in the petition. As noted above, this court previously found that, for the purposes of this habeas petition, petitioner had exhausted his claim that the trial court improperly charged the jury on the standard for "reasonable doubt" (Item 9). That claim was raised in state court by petitioner's § 440.10 motion (*see* Item 10, Ex. G), and was rejected for the reason that it should have been raised on direct appeal (*id.*, Ex. H). Accordingly, though exhausted, this claim is barred from habeas corpus review because of procedural default, and because petitioner cannot show cause for his failure to raise the claim on direct appeal.

Finally, petitioner did raise on direct appeal the claim that the trial judge improperly charged the jury charge on the right to remain silent. However, the Appellate Division did not reach the merits of this claim. Instead, the court denied the claim for the reason that it was not preserved for appellate review as required by N.Y.C.P.L. § 470.05(2).[3] *People v. Collins, supra,* 170 A.D.2d at 1006, 566 N.Y.S.2d at 161–62. Because petitioner has not shown cause for his failure to preserve the issue, this claim is likewise barred from federal court habeas review.

## CONCLUSION

Based on the foregoing, this petition for habeas corpus relief under 28 U.S.C. § 2254 is DENIED in its entirety. The Clerk of the Court is directed to enter judgment in favor of respondent.

Also based on the foregoing, a certificate of probable cause is granted pursuant to 28 U.S.C. § 2253. *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991);

---

**3.** N.Y.C.P.L. § 470.05(2) provides:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or

if in reponse [sic] to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

*Nelson v. Walker,* 121 F.3d 828, 832 n. 3 (2d Cir.1997) (new "certificate of appealability" requirements of 28 U .S.C. § 2253(c)(2) (as amended) have no retroactive effect on petition predating enactment of AEDPA, in light of *Lindh v. Murphy, supra* at n. 2, —— U.S. at ——, 117 S.Ct. at 2068).

**SO ORDERED.**