OPINION OF THE COURT
W. Patrick Falvey, J.
*863 The defendant, pursuant to article 440 of the Criminal Procedure Law, moves this court to vacate his June 8, 1994 conviction, after a jury trial, for the crimes of attempted murder in the first degree, criminal possession of a weapon in the second degree, two counts of obstructing governmental administration, and one count of resisting arrest.
Based on the defendant’s submissions, the People’s response and all the proceedings had herein the court decides as follows:
Defendant bases his motion on the ground of ineffective assistance of counsel, in that his trial counsel failed to argue the unconstitutionality of the intentional murder statute (Penal Law § 125.27 [1] [a] [i]), the assault statute (Penal Law § 120.05 [1]), and the statute defining “serious physical injury” (Penal Law § 10.00 [10]) in that these statutes fail to distinguish the intent to cause death from the intent to cause serious physical injury. He argues that these statutes, as applied to him, denied him due process and equal protection of the law. Defendant argues his counsel should have objected to the jury instructions given by the court regarding the distinction between the intent to cause “death” and the intent to cause “serious physical injury.” Thus, his attorney failed to preserve this issue for appellate review, which amounts to ineffective assistance of counsel by his trial lawyer.
The People oppose the motion, noting that the defendant did appeal his conviction, and the conviction was upheld. The issues raised on appeal were: insufficient evidence for attempted murder as accomplice, insufficient evidence of intention to use a weapon unlawfully against another, failure to instruct the jury on the definition of a firearm as related to the charge of criminal possession of a weapon in the second degree, and harsh and excessive sentence. Subsequently, his request to appeal his conviction to the Court of Appeals was denied.
The People refer to CPL 440.10 (2) (c), noting that here, defendant unjustifiably failed to raise the ground or issue presented herein upon an appeal actually perfected by him, citing People v Cooks (67 NY2d 100 [1986]). The issues presented were all apparent on the record, and the defendant having failed to set forth a justification why these issues were not raised on appeal, the court should deny the instant motion.
In addition, the People assert that the defendant’s arguments are without merit. More specifically, they claim that the definition of “serious physical injury” is not the same as the definition of death. The Penal Law § 10.00 (10) definition of serious *864 physical injury is much more expansive than what defendant cites in his papers. The murder and assault statutes are clearly different with different elements, and thus are distinguishable.
The People also argue that the defendant has not alleged any facts not apparent on the record constituting ineffective assistance of counsel, citing People v Baldi (54 NY2d 137 [1981]) and People v Smith (59 NY2d 156 [1983]).
The defendant replies that in the case of an argument concerning ineffective assistance of trial counsel, the trial record rarely is adequate to permit a full examination of the issue, making an appeal on the issue inappropriate, and a hearing appropriate, citing People v Brown (45 NY2d 852 [1978]). He notes that by reading the trial transcript, it is impossible to determine defense counsel’s reasons for not challenging the relevant statutes and the defective jury instructions. Thus, the defendant is entitled to have counsel’s rationale made a part of the record, citing Sparman v Edwards (154 F3d 51, 52 [1998]).
In reviewing a claim for ineffective assistance of counsel, the court must determine whether “the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation.” (People v Baldi, 54 NY2d 137, 147 [1981].) The Baldi decision makes clear that it is the overall representation afforded by defense counsel that must be reviewed, not one particular aspect of that representation.
When presented with a motion pursuant to article 440 of the Criminal Procedure Law, the court must deny the same, when,
“[although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.” (CPL 440.10 [2] [c].)
The court concludes that the defendant in this case could have pursued the issues now presented, on appeal.
The argument defendant now makes does not involve trial strategy concerning his defense. Instead he claims that his trial counsel should have argued that the above mentioned sections of the Penal Law were unconstitutional. There are no additional facts that needed to appear on the record for appellate review of this issue to occur. His appellate counsel could have argued inef *865 fective assistance of trial counsel. (See cf. Reyes v Keane, 118 F3d 136, 139-140 [1997].) Thus, the motion should be denied out of hand. However, the court will entertain the merits of defendant’s argument.
Under the rule set forth in Baldi, the court must determine whether the defendant received “meaningful representation.” (People v Benevento, 91 NY2d 708, 712 [1998].)
“The question is whether the attorney’s conduct constituted ‘ “egregious and prejudicial” ’ error such that defendant did not receive a fair trial.” (Benevento at 713, quoting People v Flores, 84 NY2d 184,188-189 [1994].)
The court notes that the defendant has cited no authority addressing the sections of law he alleges as being unconstitutional; and this court has found none as well.
Although the defendant’s argument is a novel one, and while perhaps intellectually appealing, his trial counsel’s failure to make this argument at the trial does not rise to the level of ineffective assistance of counsel.
Upon review of the trial transcript, this court concludes that, “the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation.” (Baldi, supra at 147.)
Defendant’s motion is denied in all respects.